## BUD HIGDON v. FRANCES C. VAUGHN.

1. BOND. *Of claimant in attachment. Dismissal of claim. Breach of condition.*

   Where a claimant in attachment obtains possession of the property attached by giving a bond, under sects. 1456 and 858 of the Code of 1871, conditioned to deliver the property to the sheriff "if the claim thereto should be determined against the claimant," and his claim is dismissed by the court because of his failure to file the affidavit required by the statute, such dismissal is a determination of the claim; and if the claimant then refuses to deliver up the property, that is a breach of the condition of the bond.

2. SAME. *Action thereon. Plea. Presumption as to action of court below.*

   If, in an action upon such bond, the obligor pleads that his claim in attachment was dismissed without his consent, but fails to show the ground of the dismissal, this court will presume that such dismissal was correct.

3. ATTACHMENT. *Claim of third person. Dismissal for want of affidavit.*

   Where a claimant in attachment, under the Code of 1871, fails to file the affidavit required by sect. 858 thereof, his claim should be dismissed, upon the motion of the plaintiff, notwithstanding the fact that he has given the bond required and received the property.

4. BOND. *Of claimant in attachment. Dismissal of claim. Estoppel.*

   Where the claim of a third person in attachment has been dismissed for want of the affidavit required by sect. 858 of the Code of 1871, the claimant is estopped from pleading, in an action upon his bond for a breach of the condition to deliver up the property, that such affidavit was made and filed in the attachment proceeding.

5. SAME. *Of claimant in attachment. Judgment on claim. Effect as to surety.*

   Any judgment upon the claim of a third person in attachment which concludes the claimant is equally as conclusive as to the surety on his claimant's bond.

6. SAME. *Of claimant in attachment. Plea of sureties. Trial of right of property.*

   Where the claim of a third person in attachment has been dismissed by the court for want of the affidavit required by the statute, the sureties on the claimant's bond cannot avoid their liability for a breach thereof by the plea that the plaintiff in attachment failed to present for trial an issue as to the right of property in the things attached.

7. PLEADING. *Plea stricken out. Declaration amended. Effect.*

   Where a plea is stricken out by the court upon the motion of the plaintiff, and an amended declaration is afterwards filed in the case, and such plea is not pleaded to the amended declaration, it will not be considered by this court, upon an appeal by the defendant.

8. BOND. *Of claimant in attachment. Plea of surety. Liability of property.*

   In an action upon the bond of a claimant in attachment, where the claim has

been judicially determined against the claimant, and he has committed a breach of the condition of his bond in not delivering up the property, the plea of a surety on the bond that the property was not liable to the attachment is no bar to the recovery.

APPEAL from the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

This action was brought by Mrs. Frances C. Vaughn against Thomas L. Fairchild, Bud Higdon, and A. B. Beesly, upon a bond given by Fairchild as a claimant in an attachment suit wherein Mrs. Vaughn was the plaintiff and Columbus Rials the defendant. Higdon and Beesly were the sureties on the bond.

The bond was conditioned for the delivery of the attached property to the sheriff, it having been received by Fairchild under his bond, " if the claim thereto should be determined against the claimant." The claim in attachment was dismissed by the court, upon the motion of the plaintiff, because of the failure of the claimant to file the affidavit required by the statute. Fairchild refused to deliver up the property, and thereupon this action was instituted. One of the defendants, Bud Higdon, filed several pleas to the action. To some of them the plaintiff demurred, and to others replied. And to some of the replications the defendant demurred. But the substance of the pleadings is sufficiently set out in the opinion of the court. All of the issues were found for the plaintiff, and a judgment was rendered in her favor. Thereupon the defendant Higdon appealed, the action having been dismissed as to the other defendants.

*W. P. & J. B. Harris*, for the appellant.

We do not think we are cut off from asking this court to consider the action of the court below in striking out one of the defendant's pleas, for it was useless to refile such plea, as the amendment of the declaration did not affect the point made by that plea.

Can a common-law action on the bond be maintained? The declaration, while presenting a bond obviously made under the

statute, and valid as such, gives no reason for resorting to the ordinary action. Where the statute prescribes the bond and the remedy on it, a party resorting to the ordinary remedy of a suit at law must show why such remedy is adopted.

It is very clear here that this bond was available to the plaintiff in the proceeding in which it was obviously given, and if the plaintiff elected to treat it as a nullity he cannot now resuscitate it. On this point we ask the attention of the court to the remarks of the court in *Cobb* v. *Curts*, 4 Litt. 235. Speaking of an injunction-bond void for want of the ceremonies of execution, the court said : " If, in consequence of the irregular execution of the bond, the party whose judgment is delayed should apply to court and obtain a dismissal of the appeal or a discharge of the injunction, we acknowledge that he ought not thereafter to maintain an action on the bond."

Certainly one part of the consideration of the bond — as to the sureties, at least — was that it should afford the means of a trial of the right of property under the statutes. The plaintiff might have afforded the opportunity for such trial by the adoption of the bond by a tender of issue.

The difficulties involved in allowing the plaintiff to play fast and loose with the bond and the claim arise in considering the replication of *res judicata* as to the fact that a proper affidavit had been made. If the bond and claim were rejected or disregarded, as not having validity under the statute, and therefore disconnected from the proceeding, the sureties on the bond can in no view of the subject be considered as parties in the attachment proceeding.

The case cannot go on as half statutory and half common law. If we did not come under the statute, we ought not to suffer by the statute. If we are under the common law, we have all the defences on every ground on which the plaintiff's rights depend, independent of the statute. One is, that the property was not subject to the execution ; another is the denial of the right, under the statute, to try the issue ; another, that we had this right by proper affidavit and bond.

*H. B. Mayes*, for the appellee.

1. The demurrer to the second and fourth pleas to the amended declaration was properly sustained.

The statutory remedy given by sects. 1456 and 1457 of the Code of 1871 embraces cases of attachment where property seized is claimed by a third party. These sections show that in all attachment cases it is the oath or affirmation which gives jurisdiction to the court of the claimant and his demand. See *Atkinson* v. *Foxworth*, 53 Miss. 748 ; *Newell* v. *Newell*, 34 Miss. 400.

If the plaintiff in attachment declines to present an issue because the claimant has not made oath or affirmation, the court cannot discharge the claimant from his bond and the property from execution because the statutory remedy has not been pursued, by default of the claimant. *Cooper* v. *Harter*, 1 J. J. Marsh. 357 ; 1 Pirtle's Dig. 111, sect. 22, and authorities cited.

The bond upon which this action is based is a valid common-law obligation. " The general rule is that a bond, whether required or not by statute, is good at common law if entered into voluntarily, and for a valuable consideration, and is not repugnant to the letter or policy of the law." 1 Pirtle's Dig. 111, sects. 22, 23, and authorities cited ; *Hibbits* v. *Canada*, 10 Yerg. 467, 468, and authorities cited ; *United States* v. *Tingey*, 5 Pet. 115 ; *United States* v. *Maurice*, 2 Brocken. 96 ; *Stevenson* v. *Miller*, 2 Litt. 810. The above rule is recognized by the Supreme Court of this State as correct. *Mitchell* v. *Drake*, 57 Miss. 606 ; *McKinney et al.* v. *Green*, 52 Miss. 73, 74 ; *The State* v. *Powers et al.*, 52 Miss. 201 ; *Taylor* v. *Arthur*, 9 Smed. & M. 190.

2. The demurrers of the defendant, Higdon, to the replications to the first and third pleas to the amended declaration were properly overruled.

In an attachment proceeding the affidavit connects the claimant of the property seized with the record, and gives jurisdiction to the court to try the claim in this summary way ; and

the judgment of the court sustaining the motion of Frances C. Vaughn to dismiss the claim of Fairchild because an affidavit was never made by the claimant, is what it should be, for want of jurisdiction in the court to render any other. *Cooper* v. *Harter*, 1. J. J. Marsh. 357. This judgment is still in force, and is relied on as an estoppel in this case. If Fairchild is estopped to plead that the plaintiff in attachment was in default by not tendering an issue to try the claim, and that he made the required affidavit, his surety is also estopped from setting up the same facts in his plea. Freem. on Judg., sect. 180; *Atkinson* v. *Foxworth*, 53 Miss. 733, 740; *Montgomery* v. *Dillingham*, 3 Smed. & M. 657.

If the plea stricken out on the former trial is relied on, it should have been pleaded to the amended declaration. The plaintiff below should have had an opportunity to reply to it. It might have been treated differently by the plaintiff below, and the court, if the opportunity had been presented.

CAMPBELL, J., delivered the opinion of the court.

The demurrer was properly sustained to the second and fourth pleas. The dismissal by the Circuit Court, in April, 1874, of the claim of Fairchild was a determination of the claim as made against him, and the failure to deliver the property to the sheriff was a breach of the condition of the bond. As to the second plea, which merely states that the court, at the instance of the plaintiff, dismissed the claim, against the consent of the claimant, without showing the ground of the dismissal, the presumption must be indulged that the dismissal was proper. The fourth plea shows that the claim was properly dismissed because no affidavit was made by Fairchild or his right and title to the property levied on.

The demurrer to the replication to the first and third pleas was rightly overruled. The defendant was estopped by the judgment of the Circuit Court from averring that affidavit was made and filed. The court adjudged that no affidavit had been filed or made, and for that reason dismissed the claim, refus-

ing to recognize Fairchild as a claimant, under sects. 858 and 1456 of the Code of 1871. This is conclusive on Fairchild, and equally so as to his surety, who, as to all that concerns his principal in his controversy with the plaintiff, stands in his place and is bound by what binds him. The surety in such a bond has nothing to do with the trial of the right of property. His obligation is to deliver the property to the officer if the claim made by his principal shall be determined against him. His liability is the consequence of a determination against his principal, and a judgment against his principal is conclusive of such determination, and he cannot go behind that. *Atkinson v. Foxworth*, 53 Miss. 733, 741. The first and third pleas present no bar to this action, and might have been successfully demurred to, instead of being replied to. It matters not if an affidavit was made and filed, as they aver. The claim was dismissed for want of an affidavit, and the judgment of dismissal cannot be assailed in this action; and that was a determination of the claim against the claimant, and that was the contingency on which the property was to be delivered to the officer, according to the condition of the bond.

The consideration of the bond was the delivery of the property to the claimant by the officer. Its condition is, among other things, to deliver the property to the officer "if the claim thereto should be determined against the claimant." It was determined against the claimant by the dismissal of his claim, and that made the surety liable.

The plea stricken out by the court on the motion of the plaintiff, before the amended declaration was filed, not having been pleaded to the amended declaration, is not properly a subject for consideration now; but it is clear, we think, that it contains no defence to the action. It is, in substance, that the property was not subject to the attachment. That is not a bar to this action, which is on the bond by means of which Fairchild got possession of the property levied on, and the condition of which is for the delivery of this property to the officer if the claim made to it by Fairchild should be deter-

mined against him. It was determined against him, and the only way to comply with the condition of the bond was to deliver the property to the officer. That was not done, and the obligee of the bond is entitled to recover for the breach of the condition.

Judgment affirmed.