PONDER ET AL. *v.* MARTIN ET AL.

[80 South. 388—78 South. 929, Division B.]

1. PROCESS. *Service by publication. Sufficiency of affidavit. Compliance with statute.*

It is of the highest importance that parties interested receive summons or notices and where publication is substituted for summons, the proceedings required by statute must be strictly followed.

2. PROCESS. *Service by publication. Sufficiency of affidavit.*

Under the Code of 1906, section 3920 (Hemingway's Code, section 2927, providing for service of summons by publication, where such service was sought and the bill and affidavit for such publication gave the residence of defendants, but failed to state that such place was also this post office address, or that their post office address was unknown, such service was insufficient.

3. PARTITION. *Qualifications of commissioners. Interest in suit.*

In a suit for partition where some of the parties are minors, it is inconsistent for the same person to be guardian *ad litem* for for some of the parties to the suit and at the same time a commissioner to make and report a sale.

APPEAL from the chancery court of Rankin county.
HON. G. C. TANN, Chancellor.

Suit by W. L. Martin and others for partition and
sale. From a decree confirming the sale, a part of
defendants and plaintiff appeal.

W. L. Martin and others, constituting a numerous
body of complainants, filed a bill in the chancery court
against D. M. Ponder and others, constituting a large
number of defendants, for the partition and sale for
division of certain property described in the bill.
Numerous of the defendants were non-residents of the
state, and it is alleged: That Tildon Ponder, R. L.
Ponder, Amos Ponder, and Henry Ponder, adults, and
Bertie Ponder, Jessie Ponder, Nettie Ponder, and Lany
Ponder, minors, nonresidents, "whose post office is
believed to be Pleasant Hill, La.," and all other un-
known heirs of the said Jasper Ponder, deceased, and
all heirs of the said Polly Ponder, deceased, W. J.
Smith, heirs of Eliza Smith, deceased, who is a non-
resident, and "whose post office is believed to be Rose-
land, La.," and Dr. C. A. Thomas, nonresident, whose
post office is Tucson, Ariz., and Nina Thomas, an adult,
and Elouise Thomas, minor, of Perkins, Okl., and all
other unknown heirs of E. R. Thomas, deceased, Addie
Wilkins, Perkins, Okla., who is a son of said A. J.
Thomas, deceased, all heirs at law of said A. J. Thomas,
deceased, and the heirs of William Thomas, deceased,
to wit, James H. Thomas, Cuero, Tex., D. L. Thomas,
La Hunter, Colo., William Thomas, Henryetta, Okla.,
Mellville Thomas, Smithville, Tex., Jesse W. Thomas
(*non compos mentis*) and the guardian of the said Jesse
W. Thomas, who is Jesse H. Thomas, and the heirs of
George W. Thomas, deceased, to wit, J. F. Thomas,
Mrs. Beulah Frazier, and the heirs of Mrs. Alice E.
Shults, deceased, to wit, Thomas Shults, Cornelia
Peavy, Jessie Nichols, Mrs. Ivey Beasley, adults, and
Robert Stell Shults, minor, and Thomas M. Stell,
guardian of said Robert Stell Shults, minor, and all

unknown heirs of said George Thomas, deceased last named eight heirs, Cuero, Tex., all above heirs of said William Thomas, deceased.

It will be noticed that it is not alleged that these places are post offices and constitute the post office address of defendants, except where stated that certain places are ''believed'' to be the post office.

The interest of the said parties are attempted to be set forth in the bill, and it is alleged that the lands involved are believed to be worth the sum of three thousand and two hundred dollars and that the parties are too numerous for said land to be divided in kind, but that a sale would best serve the interest of all parties. Prayer was made for appointment of a special commissioner and for process to defendants and for general relief. The bill was sworn to by W. L. Martin, one of the complainants, the affidavit being (omitting the formal parts) as follows:

''W. L. Martin, being duly sworn, states on oath that he is one of the complainants in the foregoing bill for the sale and partition of land and says that those things and allegations in the said bill stated as true are true, and those on information and belief he believes to be true.''

Subsequent to the filing of the bill W. L. Martin filed a separate affidavit in which he states on oath that the following named defendants, to wit: Tildon Ponder, R. L. Ponder, Amos Ponder, and Henry Ponder, adults, and Bertie Ponder, Jessie Ponder, Nettie Ponder, and Lany Ponder, minors, heirs of Jasper Ponder, deceased—are, as he believes, resident citizens of Pleasant Hill, La; Dr. C. A. Thomas, he is informed and believes, is a resident citizen of Tucson, Ariz.; W. J. Smith is, as he believes, a resident citizen of Roseland, La.; Miss Nina Thomas, adult, and Elouise Thomas, minor, heirs of E. R. Thomas, deceased, and Addie Wilkins, are, as he is informed and believes resident citizens of Perkins, Okla.;.James H. Thomas, Jesse W.

Thomas, J. F. Thomas, Beulah Frazier, Thomas Shults, Mrs. Cornelia Peavey, Mrs. Jessie Nichols, Mrs. Ivey Beasley, adults, and Robert Stell Shults, minor, are all, as he is informed and believes, resident citizens of Cuero, Tex., Melvin Thomas, who, he believes, is a resident citizen of Smithville, Tex.; D. L. Thomas, affiant is informed and believes, is a resident citizen of La Hunter, Colo.; and William Thomas, affiant is informed and believes, is a resident citizen of Henryetta, Okla.—are all nonresidents of this state, and are all nonresident citizens defendant, heirs of Mrs. Martha Gayden, deceased. This affiant has made diligent inquiry to ascertain all the heirs of said Mrs. Martha Gayden, deceased, and the heirs set forth in the foregoing bill and this affidavit are all of said heirs; and he further states that, according to his best information obtained by the aforesaid diligent inquiry, the addresses of all parties hereto are as stated in this affidavit and said bill. Upon this bill and affidavit summons was issued to the defendants and notice published for three consecutive weeks in a newspaper published in the county. The clerk made the following notation upon his docket, publication of process, to wit:

"Publication issued for the nonresidents and copies sent thereto October 19, 1916."

Decree *pro confesso* was taken against certain of the adult defendants and the court appointed a guardian *ad litem* for the minor defendants. The guardian *ad litem* filed formal answer denying the allegations of the bill, disclaiming knowledge of certain allegations set forth. The chancellor decreed partition of the property and appointed the same person who was appointed guardian *ad litem* for the minors as special commissioner to make the sale. The commissioner published notice that on the 13th day of August, 1907, he would make sale of said lands in front of the courthouse door in the town of Brandon, Miss.; that said lands were to be sold for the purpose of partition among the owners

in accordance with the decree. The report of the commissioners to the chancellor was filed on the 17th day of August, 1917, reporting that on the 13th day of August he had made sale in accordance with the decree, and that Alonzo Martin was the highest bidder, at and for the sum of eight hundred and fifty dollars, and asked that the sale be confirmed. The chancellor on the 18th day of August, 1917, the day following the filing of the report in the chancery clerk's office at Brandon, signed the decree approving and confirming the sale, and directing disbursement of the proceeds of the sale, from which decree certain of the complainants and certain of the defendants appealed to this court.

*Sidney L. McLaurin,* for appellant.

*Chalmers Alexander* and *J. R. East,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

It will be noted from the statement of facts above that neither the bill nor the affidavit filed after the filling of the bill, set forth or alleged that the post office address of the parties named was the same name as the place set forth in the bill. Section 3920, Code 1906 (section 2927, Hemingway's Code) provides how nonresident of unknown defendants may be summoned by publication. This section, omitting the form of the notice or summons, reads as follows:

"If a defendant in any proceeding in a chancery court be shown by bill or petition sworn to or by affidavit filed, to be a nonresident of this state, or not to be found therein on diligent inquiry, and the post office of such defendant be stated in the bill, petition, or affidavit, or it be therein stated that it is not known to the complainant or petitioner, or, if the affidavit be made by another for him, that such post office is unknown to the affiant, and he believes it is unknown to the

complainant or petitioner, the clerk, upon the filing of the bill or petition, account, or other commencement of a proceeding, shall prepare and publish a summons to such party to appear and defend the suit on a rule day or on the first day of a term of the court, sufficiently distant in time to admit of the due publication thereof. . . .

"Upon proof of publication of such summons for three weeks in some newspaper published in the county, or in a convenient county, or at the seat of government of this state, and of the mailing of a copy of the summons to the defendant at his post office, where that is stated, the defendant may be thereafter proceeded against as if he had been personally served with a summons in the case in this state."

Section 3921, Code of 1906 (section 2928, Hemingway's Code), reads as follows:

"It shall be the duty of the clerk to hand the summons to the complainant or petitioner, to be published, or, at his request, and at his expense, to hand it to the publisher of the proper newspaper for publication; and, where the post office of the absent defendant is stated, to send by mail to the address of the defendant, at his post office, a copy of the summons, and to note the fact of issuing the same and mailing the copy, on the general docket; and this shall be the evidence of the summons having been mailed to the defendant. And for a failure to mail the copy, or to note it on the general docket, the clerk shall be liable to be punished by the court for contempt, and shall be liable in damages to the party injured by the failure."

Careful reading of the first section set out above shows that the law requires the post office address of the nonresident defendants to be stated, if known, or, if not known, that it shall be stated in the bill or affidavit that it is unknown after diligent inquiry. This statute is a substitute for a summons, and has heretofore been construed by this court as requiring a strict

119 Miss.—11.

compliance with its terms. *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll,* 28 So. 825.

In the case of *Moore* v. *Summerville* the bill filed alleged that Mrs. Summerville was a resident of Panola county, Miss., and on return of process not found in the county, the judge made an order reciting that it appears that she was a resident of the city of Chicago, and that her post office was Chicago, Ill., and directed publication to be made for her to appear, summons issuing and being mailed addressed to Mrs. Summerville at Chicago, Ill., and a decree was entered after such publication granting the relief prayed for in the bill. Afterwards Mrs. Summerville appeared and filed a bill to set aside the sale, stating that she was not a resident of Chicago, but was at the time a resident of Nebraska, and that she had never received the publication or summons. The court held that, inasmuch as the bill did not state that she was a nonresident of the state, and that her post office address was Chicago, Ill., and that inasmuch as there was no affidavit filed making such allegation, the whole proceeding was void; that the precedent conditions and proceedings required by statute must be complied with strictly.

In the case of *Diggs* v. *Ingersoll,* 28 So. 825, it appears that one Tillman was a trustee in a deed of trust, and that suit was brought to foreclose the deed of trust to which Tillman, trustee, was a necessary party. The court, speaking through Judge TERRAL, had the following to say considering the statute in that case:

"In this case we are led to inquire whether the trustee, Tillman, had proper notice of this suit, and we conclude that he has not had such notice. Publication in a newspaper was made as to him, but there was no sufficient affidavit made for such publication. The bill of complaint, sworn to by the complaint, states 'that W. E. Tillman, trustee, has removed from the state, and his whereabouts at present is unknown.' About

ten months after the bill was sworn to, the attorney of the complainant made an affidavit stating that, to the best of his knowledge and belief, W. E. Tillman, one of the defendants in said cause, is a nonresident of the state, and that he resides in the state of Arkansas, county of ————, and that his post office is unknown,' and upon these sworn statements the publication of notice to Tillman was made. Taking both affidavits together, they do not cover the matters made necessary by section 3421, Ann. Code.''

In the case before the court now the statute was not complied with in giving the post office addresses of several of the defendants. There are many places in the country where the town, village, or neighborhood is known by one name and the post office at which the inhabitants receive their mail bears another name, and not infrequently is located in another town or neighborhood. This is especially true under the present postal system in establishing free-delivery mail routes.

It is of the highest importance that parties interested receive summons or notices, and where publication is substituted for summons, the proceedings required by statute must be strictly followed.

It is also insisted by the appellant that under section 3921 of the Code, above set out, the indorsement by the clerk on his docket is insufficient to authorize the court to proceed with the case. A portion of this statute requires the clerk to note the fact of issuing the summons and mailing the copy on the general docket, ''and this shall be the evidence of the summons having been mailed to the defendant.'' We deem it unnecessary now to decide whether or not the proceeding would have been voided had the post office address been properly alleged in the bill or affidavit, but we think that it is highly important that the clerk make this entry upon his docket, giving the names and post office address of each party to whom process has been mailed in accordance with the statute. We can see how a failure to

comply with the statute might effect the bids of prospective purchasers at the sale.

It is also insisted that it was error for the court to appoint the same person who was appointed guardian *ad litem* for the minors a commissioner to make the sale, and that, if the sale was made by the commissioner as in this case, it would take notice, to the minors at least, of the report of a sale to the chancellor before the same should be confirmed. We think it is inconsistent for the same person to be guardian *ad litem* for some of the parties to the suit and at the same time a commissioner to make and report a sale. In many cases the guardian *ad litem* would be in duty bound under his trust to oppose a confirmation of sale, and, if he was the commissioner who made the sale, he would be placed in the awkward attitude of attacking that which he had done. A guardian *ad litem* is appointed by the court for the purpose of looking after the interests of the particular parties of whom he has been made guardian, and his duties go further than merely filing an answer denying the allegations of the bill. In many cases it would be his duty to present evidence and to acquire knowledge of all facts reasonably accessible pertaining to the litigation, and that therefore he ought not to be made a commissioner to conduct a sale which it might be proper in the interests of the minors to attack. The failure to publish the notice and to comply with the statute in reference to notice was jurisdictional, and without such compliance the court could not proceed to make a partition.

The decree of the court will therefore be reversed, and the cause remanded, to the end that the parties may all be brought into court by proper proceedings.

*Reversed and remanded.*