MAYS FOOD PRODUCTS, Inc., *v.* GLOSTER LUMBER CO.*

(Division A. Feb. 2, 1925.)

[1'02 So. 735.   No. 24599.]

JUDGMENT. *Declaration must aver that defendants served by publication are nonresidents or not to be found in state to support default judgment.*

Under section 3920, Code of 1906 (section 2927, Hemingway's Code), it is essential that the sworn declaration aver that the defendants are nonresidents of the state or not to be found therein in order to sustain a judgment by default upon constructive process by publication in a newspaper, and when this averment is not in the declaration or affidavit a judgment by default is void.

---

*Headnote.   Judgments, 34 C. J., sections 363, 366.

APPEAL from circuit court of Amite county.
HON. R. L. CORBAN, Judge.
Action by the Gloster Lumber Company against the Mays Food Products, Incorporated. From judgment for plaintiff, defendant appeals. Reversed and remanded.

*Mayes & Mayes,* for appellant.

*Lowrey & McLain,* for appellee.

Briefs in this case not available to the reporter.

McGOWEN, J., delivered the opinion of the court.

The Gloster Lumber Company filed its declaration in the circuit court of Amite county against the Mays Food Products, Incorporated, to enforce a materialman's

lien. There is a bill of particulars attached, and judgment by default was entered on constructive process, having amended their declaration and made William Pierce Oneal, trustee in bankruptcy of the defendant, Mays Food Products, Incorporated, a party to the declaration. There was constructive process by publication, and we quote the only references to the post office address or residence of defendants found in the sworn declaration, there being no separate affidavit:

"Mays Food Products, Incorporated, represented by L. O. Mays, president, a corporation chartered under the laws of the state of Maine, but operating in the state of Mississippi, and having home office at North Peters street, New Orleans, La., to which notice of summons can be communicated, and William Pierce Oneal, trustee, whose address is in care of Marine Bank & Trust Company, New Orleans, La."

And again: "The defendant, said William Pierce Oneal, whose address is in care of Marine Bank & Trust Company, New Orleans, La., and said trustee now represents said Mays Food Products, Incorporated; its affairs having been confided to him by said court" (referring to the court of bankruptcy).

And again: "The petitioner prays that publication be made and had for the defendant, Mays Food Products, Incorporated, *at their usual place of business,* North Peters street, New Orleans, La., and for William Pierce Oneal, trustee, *at usual place of business,* to-wit, care Marine Bank & Trust Company, New Orleans, La." (Italics ours.)

This being a judgment by default, it is assigned for error that there was no process because there is no affidavit as required by the statute as to the post office address of the Mays Food Products, Incorporated, or of William Oneal, trustee, set out in the affidavit, nor is it alleged that the defendants were nonresidents of the state of Mississippi, or not to be found therein on diligent inquiry.

It will be noted that William Oneal is the main defendant in the. action; the Mays Food Products Incorporated, having gone into bankruptcy, and he being named as its trustee. It will be further noted that there is no statement as to the post office address of either of the defendants, no matter what may have been in the original declaration. It will be noted further that there is no statement that either of the defendants are non-residents of the state, or not to be found therein on diligent inquiry.

Code of 1906, section 3920 (Hemingway's Code, section 2927), requiring that the sworn bill or petition or separate affidavit shall show the defendant to be a non-resident of the state or not to be found therein on diligent inquiry, has been frequently construed by this court to mean that a substantial compliance with the mandates of this statute is essential to the validity of a judgment founded thereon.

This being a judgment by default, and it being clear to us that no effort was made by the plaintiff below to comply with said section 3920, Code of 1906 (section 2927, Hemingway's Code), it follows that the judgment was rendered without any process upon the defendant Oneal. This case is ruled by *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Ponder* v. *Martin,* 119 Miss. 156, 80 So. 388. On these authorities this case is reversed and remanded.

*Reversed and remanded.*