MERCANTILE ACCEPTANCE CORPORATION *et al. v.*
HEDGEPETH.*

(Division B.   May 30, 1927.)

[112 So. 872.   No. 26529.]

1. JUDGMENT. *Constructive service by publication is insufficient to*
   *support decree unless precedent proceedings strictly conform to*
   *law (Laws 1924, chapter 151, section 7).*

   Constructive service of process by publication is insufficient to
   support a decree, unless the precedent proceedings strictly con-
   form to the requirements of Laws 1924, chapter 151, section 7,
   authorizing proceeding against nonresidents.

2. PROCESS. *Notice for nonresident defendants failing to allege that*
   *post office address could not be ascertained after diligent inquiry*
   *held void (Laws 1924, chapter 151, section 7; Hemingway's Code,*
   *section 2927).*

   Under Laws 1924, chapter 151, section 7, making material changes
   in Code 1906, section 3920 (Hemingway's Code, section 2927),
   relative to service of process on nonresident defendants, publica-
   tion of notice for defendant alleging only that post office address
   was unknown and failing to allege that it could not be ascer-
   tained after diligent inquiry *held* void.

3. ATTACHMENT. *Rendering decree on forthcoming bond for penalty*
   *without finding value of automobile claimed thereunder held*
   *erroneous.*

   Rendering decree on forthcoming bond for penalty thereof without
   finding as to value of automobile claimed under such bond *held*
   erroneous, since under forthcoming bond the claimant had right
   to return automobile to sheriff to abide decree of court or be-
   come liable for its value.

4. ATTACHMENT. *Claimant of property in proceeding against non-*
   *resident and surety on forthcoming bond held estopped to claim*
   *advantage because bond appears to be in replevin.*

   Claimant of property under forthcoming bond and surety there-
   under are estopped to claim any advantage on account of ir-
   regularity of bond in that it appeared to be a bond in replevin
   in a law court rather than in equity proceeding against non-
   resident defendant with foreign attachment.

5. ATTACHMENT. *Claimant of property levied on under foreign attachment and surety became parties to cause and submitted themselves to authority of court.*

Claimant of property levied on under foreign attachment in proceedings against nonresident defendant and surety on forthcoming bond by executing bond became parties to cause and submitted themselves to authority of court to render a proper decree against them, provided jurisdiction was acquired by proper publication of notice on nonresident defendant.

*Corpus Juris-Cyc. References: Attachment, 6CJ, p. 410, n. 3; p. 411, n. 29; p. 412, n. 35; p. 414, n. 83; Judgments, 33CJ, p. 1086, n. 36; Process, 32Cyc, p. 483, n. 74; p. 484, n. 75; As to character of inquiry necessary to sustain constructive service of process, see annotation in 37 L. R. A. (N. S.) 211; 21 R. C. L. 1296.

APPEAL from chancery court of Lawrence county.

HON. T. P. DALE, Chancellor.

Suit by W. A. Hedgepeth against R. F. Betz, *alias* D. Clyde Turk, wherein a foreign attachment was issued and levied on an automobile claimed under a forthcoming bond by the Mercantile Acceptance Corporation with the United States Fidelity & Guaranty Company as surety. From a decree on the bond, the claimant and surety appeal. Reversed and remanded.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellants.

The appellants, Mercantile Acceptance Corporation and the United States Fidelity & Guaranty Company, were not parties to the bill of complaint and did not in any way become parties to the suit. They were never notified of the suit in any way, and yet the court below rendered a formal final decree against them.

Mercantile Acceptance Corporation, had instituted in a court of law a replevin suit against Hedgepeth the complainant in this chancery case to recover the automobile mentioned in the bill of complaint and the automobile when this suit was begun was in the official possession of the sheriff, defendant Brewer, he having seized it under

March, 1927] Merc. Acceptance Corp. v. Hedgepeth. 719

147 Miss.]                    Brief for Appellants.

the replevin writ sued out by appellant Mercantile Acceptance Corporation. Afterwards, pending this suit, the plaintiff in replevin executed a replevin bond with its co-appellant as surety thereon, delivered it to sheriff Brewer, defendant to this suit, and the sheriff surrendered the automobile to the Mercantile Acceptance Corporation, the plaintiff in the replevin suit. How the chancery court in the suit at bar obtained jurisdiction of the appellants or jurisdction to render a decree on the bond given in the replevin suit instituted in another court, one of law, is beyond our comprehension. A mode by which a chancery court can invade the records of a court at law and extract a bond therefrom and render a decree against the obligors therein is wholly unknown to our jurisprudence.

The record does not show that there ever has been a breach of said bond; nor does it show that the replevin case has ever been tried or decided. The bill of complaint was neither amended nor supplemented in any way; this fact must be borne in mind when considering the recitals of the decree from which the appeal was taken. The bill does not mention the appellants; it contains no averment relating to the replevin suit, and in no way refers to the replevin bond. The appellants were not parties to it. Material allegations in the pleadings are essential to the relevancy of evidence and to prove without allegation is vain and fruitless. *Eaves* v. *Harris,* 95 Miss. 607, 49 So. 258.

*C. E. Gibson,* also for appellants.

I. The decree rendered in this cause is void for the reason that the original defendant, R. F. Betz, *alias* D. Clyde Turk, was never properly or legally notified of the suit. See Laws 1924, ch. 151, page 200, sec. 7. When the defendant is a nonresident, it will be noted that this section requires that the affidavit shall state the post office address of the defendant, or that he has made diligent

inquiry to ascertain it without success. In the affidavit for publication in the case at bar, there is no statement by the affiant that he made *diligent* inquiry to ascertain the post office address of the defendant. We think that the failure to make the affidavit conform to the statute was, and is fatal. *Thompson* v. *J. B. Camors & Company,* 89 So. 649; *McCray* v. *McCray,* 102 So. 174; *Pender et al.* v. *Martin et al.,* 80 So. 388.

An affidavit to support process by publication must strictly comply with the statute, and if it omit averment of diligent inquiry, it is insufficient. *Kirkland* v. *Texas Company,* 57 Miss. 316; *Noah Foster et al.* v. *William Simmons et al.,* 40 Miss. 583.

II. The judgment is void for another reason. A proper judgment cannot be entered in a replevin suit without a finding of the value of the property. This was not done in this case. The record does not even show *"prima-facie"* valuation permitted to be shown by the officer's valuation. *Whittaker* v. *Goodwin,* 97 Miss. 663, 53 So. 413.

*G. Wood Magee,* for appellee.

There was never any replevin suit at law by any one as counsel for appellants seems to think and as he alleges in his brief. The bond given by his client for the automobile was given for the automobile "attached by the sheriff in this case." Surely this statement made in the agreement signed by counsel makes the matter clear that the bond was given for the property attached "in this case," the instant case, and was not given for the property in a replevin case at law, as counsel seems to think.

After the resident defendant was served with process as required by the statute so as to bind the property (section 294, Hemingway's Code), the appellant Mercantile Acceptance Corporation, appeared and gave bond

as security for the forthcoming of the automobile, whereupon the sheriff delivered the automobile to appellant.

This bond then took the place of the property which was in the resident defendant's hands and thereafter stood in lieu of this property. This property was then no longer to be considered *in custodia legis* because the bond which was given and accepted stood in its place and stead. *Hart* v. *Foundry Company,* 72 Miss. 832.

Appellant had the right to make this claim and to give this bond for, and on behalf of, the absent defendant, owner, if it saw proper. 4 "Cyc." page 727. See, also, *Kirk* v. *Morris,* 40 Ala. 225. And when appellant gave the bond and took possession and secured possession by reason of having given the bond, it then and there became a party to the pending cause. *Atkinson* v. *Foxworth,* 53 Miss. 741.

The bond provided that appellant was to return the car or pay the penalty of the bond. Appellant has failed to do either and the terms and conditions of the bond have been broken. *Higdon* v. *Vaughn,* 58 Miss. 572. Sections 742 and 2822, Hemingway's Code, prevent appellant from taking advantage of informalities in the bond. In other words, appellant secured the possession of the car under the bond and received an advantage by giving the bond, and it cannot now after receiving benefits under the bond deny its validity or take advantage of its formality. *Clark* v. *Clinton,* 61 Miss. 337.

The procedure in the case at bar is that of an ordinary suit in equity and not that of an action at law. *Slattery* v. *Lumber Company,* 120 Miss. 621. But no personal decree can be rendered against a nonresident defendant not appearing. *Chamberlain-Hunt Academy* v. *Port Gibson Brick Co.,* 80 Miss. 517.

Counsel in his brief contends that appellants did not have notice and were not made parties to the suit. We have already shown that when they made the bond, they made themselves parties to the suit and it was not incumbent on the court or on the complainant in the court below

to serve them with notice. The making of the bond as security for the car compelled them to take notice that they must prosecute their claim. *Pierce* v. *Watkins,* 74 Miss. 394.

Counsel for appellants assail the decree in this cause because they say that the publication made for the nonresident defendant was not supported by the proper affidavit, in that the affidavit does not contain the statement that affiant had made diligent search and inquiry to find out the post office address of such nonresident.

The attack counsel makes on the decree is a collateral one and cannot avail them in this case. Appellants became parties to the suit on making the bond and taking possession of the automobile; not parties for the purpose of entering into the fight between complainant and defendants, but for the sole purpose of establishing their rights to the property involved as between them and complainant. The defendant has not appealed in this case and he is not complaining.

*Fulton Thompson* and *J. H. & R. H. Thompson* in reply for appellants.

Appellee claims that appellants cannot assail the decree against the nonresident defendant, Betz, *alias* Turk, condemning property as belonging to him because, as appellee's solicitors assert, to do so would be a collateral attack on said decree.

To this we answer the attack made on said decree is a direct and not a collateral one. It is made by direct appeal in the identical case in which the decree assailed was rendered. A valid decree against the debtor defendant in an attachment in chancery is a pre-requisite to a decree against others in such a suit. If, however, the attack made by appellants can be regarded as a collateral one, it is well-settled law that an utterly void judgment or decree may be collaterally attacked.

This whole subject was recently argued elaborately before and decided by this court in *Pequa Savings Bank* v. *Copiah Hardware Company,* 111 So. 836.

Anderson, J., delivered the opinion of the court.

Appellee, W. A. Hedgepeth, filed his bill in the chancery court of Lawrence county against R. F. Betz, *alias* D. Clyde Turk, a nonresident of this state, and J. M. Brewer, the sheriff of Lawrence county, to recover of the former the sum of two thousand dollars damages claimed to have been suffered by appellee through the negligence of Betz, *alias* Turk, in driving his Cadillac automobile against and over appellee, by means of which appellee was injured. There was a foreign attachment for Betz, *alias* Turk, upon affidavit, which attachment was levied on the Cadillac car in possession of Betz, *alias* Turk, at the time of appellee's injury, which car Betz, *alias* Turk, immediately after the injury deserted and fled the country. There was a decree *pro confesso,* and a final decree based upon the record and oral testimony taken at the hearing. Appellant Mercantile Acceptance Corporation gave a claimant's forthcoming bond in the sum of two thousand dollars for the car, claiming title thereto, or some right therein, with appellant United States Fidelity & Guaranty Company as surety. A final decree was taken against appellants on the forthcoming bond in the sum of two thousand dollars, which sum the court adjudged represented the damages appellee had suffered on account of the tort committed on him by Betz, *alias* Turk. From that decree appellants prosecute this appeal.

The cause was heard on original bill, proof of publication of notice for the nonresident defendant, decree *pro confesso* against the latter, and oral testimony taken at the hearing, and a final decree was rendered against the nonresident defendant in which, among other things, the court adjudged that appellee was injured by means of a tort committed on him by the nonresident defendant, and

was damaged thereby in the sum of two thousand dollars. The decree recites, further, that at the time of the service of the attachment the resident defendant in the cause, J. M. Brewer, the sheriff of Lawrence county, had in his possession and custody effects of the nonresident defendant, namely, a Cadillac roadster car, being No. 63F1515; that the defendant Betz, *alias* Turk, was a nonresident of this state for whom publication of notice had been made according to law, returnable to the term of court at which the final decree was rendered; that on the 25th day of June, 1926, appellant Mercantile Acceptance Corporation, of Chicago, Ill., appeared and entered into a claimant's bond in the sum of two thousand dollars, with the other appellant, United States Fidelity & Guaranty Company, of Baltimore, Md., as surety, conditioned that said car would be forthcoming to abide the decree of the court; that said bond was before the court for inspection; that appellant Mercantile Acceptance Corporation had removed the car to Memphis, in the state of Tennessee, and therefore out of the jurisdiction of the court; that neither of the defendants nor appellants had made any defense to the cause; that appellant Mercantile Acceptance Corporation had breached its forthcoming bond by failing to return the car to the sheriff to abide the judgment of the court. The decree then proceeds to adjudge that appellant Mercantile Acceptance Corporation and its surety, United States Fidelity & Guaranty Company, return to the sheriff of Lawrence county at once the automobile involved, against which the decree establishes a lien for the payment of the two thousand dollars decreed to the appellee; and in the event the automobile is not returned to the sheriff of the county, appellee recover of appellants the penalty of the forthcoming bond.

Appellants contend that the court was without authority of law to render the decree appealed from, because the court failed to get jurisdiction of the nonresident defendant, Betz, *alias* Turk, by proper publication as required by the statute.

Material changes in section 3920, Code of 1906 (Hemingway's Code, section 2927) are made by the first paragraph of section 7 of chapter 151 of the Laws of 1924, with reference to the oath required for a nonresident defendant in chancery, in order to give the court jurisdiction of a proceeding *in rem* against such nonresident defendant. The first paragraph of section 7, chapter 151, Laws of 1924, follows, in copying which the material changes referred to are italicized:

"If the defendant in any proceeding in a chancery court be shown by sworn bill or petition, or by affidavit filed, to be a nonresident of this state, or not to be found therein on diligent inquiry and the post office of such defendant be stated in the bill, petition or affidavit, or if it be therein stated that it is not known to the complainant or petitioner *after diligent inquiry,* or if the affidavit be made by another for him, that such post office is unknown to affiant *after diligent inquiry* and he believes it is unknown to complainant or petitioner *after diligent inquiry* by complainant or petitioner, the clerk, upon the filing of the bill or petition, account or other commencement of a proceeding, shall promptly prepare and publish a summons to such party to appear and defend the suit, on a rule day in vacation sufficiently distant in time to admit of the due publication thereof, or on the first day of the next regular term if thereby the answer of the defendant would be the earlier required."

It will be noted that one of the material changes in the former statute is that if the affidavit for publication be made by another for the complainant, it is necessary that the affidavit state that the post office is unknown to the affiant after diligent inquiry, and affiant believes it is unknown to his client after diligent inquiry.

Appellee's bill was sworn to by his attorney. In the body of the bill it is stated that R. F. Betz, *alias* D. Clyde Turk, was a nonresident of the state whose whereabouts and residence were unknown to the complainant. And in the affidavit to the bill it is stated that the affiant did

not know the residence or post office address of the nonresident defendant named in the bill, and that his client, appellee Hedgepeth, did not know the residence or post office address of the nonresident defendant. There is no allegation in either the body of the bill or the affidavit to the bill that the post office address of the nonresident defendant was unknown after diligent inquiry, and that the affiant believed it was unknown to his client  after diligent inquiry by the latter. Constructive service of process by publication is insufficient to support a decree unless the precedent proceedings strictly conform to the requirements of the statute. *Burks* v. *Burks,* 66 Miss. 494, 6 So. 244; *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll* (Miss.), 28 So. 825 (not officially reported); *Ponder* v. *Martin,* 119 Miss. 156, 80 So. 388; *Belt* v. *Adams,* 124 Miss. 194, 86 So. 584; *McCray* v. *McCray,* 137 Miss. 160, 102 So. 174; *Mays Food Products, Inc.,* v. *Gloster Mercantile Co.,* 137 Miss. 691, 102 So. 735.

We are of opinion that the changes made in the statute with reference to the oath required to bring in by publication a nonresident defendant, are material changes; that they are vital and that they were intended to answer a wholesome purpose and will have the effect of doing so. If the complainant makes the oath that the post office address of the defendant is unknown to him, he ought to be required, as the statute does require, to go further and make oath that he has made diligent inquiry to ascertain his post office address; and if the oath is made by the complainant's attorney that the post office address of the defendant is unknown, he ought to be required, as the statute does require, to state that he had made diligent inquiry to ascertain his post office address, that he believes it is unknown to the complainant, and that the latter has made diligent inquiry to ascertain the same. We think, therefore, that the publication of notice for the main defendant in this case was void, and therefore the court was without authority to condemn to

the payment of the decree in this case the effects of the nonresident defendant within this state, or to render decree on the forthcoming bond given by appellants in lieu of a decree against the effects of the defendant.

Appellants contend that the court erred in rendering a decree against them on the claimant's forthcoming bond for the penalty of the bond, two thousand dollars. In the absence of any finding by the court that the automobile was of the value of two thousand dollars, we are of opinion that appellants' contention in that respect is well founded. Under the forthcoming bond the appellants had the right to return the automobile to the sheriff to abide the decree of the court, or become liable for its value. The court in its decree, without ascertaining the value of the automobile, rendered a decree against appellants for the penalty of the bond. The court was without authority to render a personal decree against appellants for any sum beyond the value of the car.

Appellants contend, further, that they were not parties to the cause, and therefore the court erred in rendering a decree against them for any sum. This contention is based mainly on the asserted fact by appellants that the claimant's forthcoming bond in the record was not executed as a bond in this cause, but was executed and approved as a claimant's forthcoming bond in a replevin suit in another court, a law court. Appellants argue that the bond on its face shows that to be a fact. The condition in the bond does recite, "unless the said Mercantile Acceptance Corporation, of Chicago, Ill., the principal and plaintiff, shall prosecute to effect this writ of replevin against W. A. Hedgepeth, the defendant, for certain personal property described as follows in said writ of replevin, to-wit," etc. But we think that question is settled by the decree of the court, which recites that the bond before the court when the decree was rendered, which is the bond in the record in this case, was the bond executed by appellants for the forthcoming of the automobile. The court thereby adjudicated the question

as to whether the bond in question was the bond given in
this cause. It is true the bond is defective, but under
the law it answered its purpose, and appellants are es-
topped to claim any advantage on account of the irregu-
larity of the bond.

By the execution of the bond in this cause appellants
became parties to the cause, and submitted themselves
to the authority of the court to render a proper decree
against them, provided, of course, the court had acquired
jurisdiction by publication of notice of the nonresident
defendant. *Atkinson* v: *Foxworth,* 53 Miss. 741; *Higdon*
v. *Vaughn,* 58 Miss. 572.

We see no merit in the other contentions argued by
appellants. Reversed and remanded, to be proceeded
with in accordance with this opinion.

*Reversed and remanded.*