RODGERS, Justice.
This is an appeal from a decree granting appellee, Sidney H. High, a divorce from *197 appellant, Joan Elaine High, and granting him custody of their four-year-old daughter, Sean M. High.
The appellee filed his bill for divorce in the Chancery Court of Lamar County, Mississippi, on April 23, 1965, in which he alleged that “the complainant is a bona fide resident citizen of Lamar County, Mississippi, and has been such continuously for more than one year prior to the date on which the original bill of complaint was filed herein; that the defendant is a nonresident of the State of Mississippi, residing at this time at 811 Vera Court, Madison, Wisconsin, and upon whom service of process may be had by publication.” The facts of the original bill were duly verified by oath.
After the bill had been filed, the chancery clerk prepared a nonresident summons and delivered it to the Lamar County News for publication. A copy of the original bill of complaint and the summons were mailed to the defendant, Joan Elaine High. The return receipt from the United States Post Office Department indicated that she received the bill and summons on May 1, 1965. The summons required the appearance of the defendant on the Fourth Monday of June, which was June 28, 1965. The Editor of the Lamar County News filed proof of publication showing publication of the summons for three successive weeks.
On the return date, the chancery clerk received a telegram from a Mississippi attorney who was then in California, advising the clerk that he was filing a motion to dismiss the original bill of complaint on behalf of defendant. The chancellor, however, disregarded the telegram and proceeded to trial upon final decree, the original bill, and summons of the defendant by publication. The final decree was dated June 29, 1965. Thereafter, on July 3, 1965, a letter from the Mississippi attorney was received by the Chancery Clerk of Lamar County, Mississippi. Enclosed in the letter was a motion to dismiss the original bill. On July 19, 1965, another attorney (the attorney who now represents the defendant on appeal) appeared on behalf of defendant, and filed a motion to set aside the final decree granting appellee a divorce, and custody of their minor daughter. This motion was overruled and an appeal was granted to this Court.
The appellant contends that the final decree was void because the defendant (appellant here) was not summoned to appear before the chancery court as required by law. After a careful consideration of the authorities cited, and the facts stated in this case, we have reached the conclusion that the contention of the appellant is correct for the reasons hereafter discussed.
The original bill charges that the defendant is “residing at this time at 811 Vera Court, Madison, Wisconsin.” There was no separate affidavit filed with the original bill setting out the post office and street address other than the general verification of the original bill.
The pertinent parts of Mississippi Code Annotated section 1852 (1956) are as follows:
“If the defendant in any proceeding in a chancery court be shown by sworn bill or petition, or by affidavit filed, to be a non-resident of this state * * * and the post office of such defendant be stated in the bill * * * the clerk * * * shall promptly prepare and publish a summons to such party to appear and defend the suit, on a rule day in vacation * * * or on the first day of the next regular term * * *
“ * * * Where the post office address of the defendant is given the street address, if any, shall also be stated unless the bill, petition, or affidavit above mentioned, aver that after diligent search and inquiry said street address cannot be ascertained.”
This Court has often pointed out that summons by publication is jurisdiction *198 al, Rice v. McMullen, 207 Miss. 706, 43 So.2d 195 (1949), and that compliance with the statutory method of obtaining process must be strictly followed. McDuff v. McDuff, 252 Miss. 459, 173 So.2d 419 (1965); McCray v. McCray, 137 Miss. 160, 102 So. 174 (1924); Belt v. Adams, 124 Miss. 194, 86 So. 584 (1920).
We have repeatedly held that the residence and post office address of a nonresident defendant must be given in the petition or affidavit, or it must be shown that it cannot be learned after diligent inquiry, before publication of a nonresident’s process is valid. Mercantile Acceptance Corp. v. Hedgepeth, 147 Miss. 717, 112 So. 872 (1927); Burns v. Burns, 133. Miss. 485, 97 So. 814 (1923); Ponder v. Martin, 119 Miss. 156, 80 So. 388, 78 So. 929 (1918).
Griffith, Mississippi Chancery Practice (2d ed. 1950), section 236 points out:
“For instance, it is not enough according to a very recent case, to allege that the defendant is a resident of another state, naming- it, with' the requisite averment as to his post office address in the other state but the averment must be in express terms that the defendant is a nonresident of this state without the aid of inferences, although the latter are inescapable, and it is not enough merely to give the residence of defendant, it must give his post office address, if known, and if not known it must be stated that it is not known after diligent inquiry
■Bunlcley and Morse’s Amis Divorce and Separation in Mississippi section 15.01(4) page 285 (1957) points out:
“If, after diligent inquiry first made, the complainant learns that the defendant is a non-resident of this state and what his post office address is, but is unable to learn his street address, the form of the averment should be, ‘that the defendant is a non-resident of this state and that his post office address is (stating it) but that his street address is unknown to complainant after having made diligent inquiry to ascertain the same’ or if the post office be a town or village not having free delivery of mail, as shown by the United States postal guide, then the averment should be ‘that the defendant is a non-resident of this state and that his post office address is, (stating it); but that he has no street address served by such post office.’ ”
We are therefore of the opinion that Mississippi Code Annotated section 1852 (1956) not only requires that the bill, petition or separate affidavit allege that the defendant is a nonresident of Mississippi, but it must also allege the post office address of defendant, if known, and where the post office address is given, the .street address, if any, shall also be stated unless the bill, petition or affidavit aver that after diligent search and inquiry, the street address cannot be ascertained. For example:. The sworn bill or affidavit should state positively if known “whose post office address is (name post office) and whose street address is (name street address).”
The decree of the chancery court in the case at bar is reversed and remanded so defendant may have her day in court, and may plead, answer or demur to the original bill. New process is not necessary. Miss. Code Ann. § 1882 (1956).
Reversed and remanded.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.