SHELBY *et al. v.* WHITE.

(Division B. Dec. 1, 1930.)

[131 So. 343. No. 28931.]

**Sillers & Sillers,** of Rosedale, for appellants.

**Smith & Millsaps,** of Cleveland, for appellee.

Ethridge, P. J., delivered the opinion of the court.

D. D. White, a physician, filed petition in chancery court to impress upon the estate of D. P. Shelby, deceased, a claim for medical services rendered to tenants upon the plantation owned by D. P. Shelby in his lifetime, under the theory that the testamentary trustee and executor of the estate had contracted for his services as physician for the use of said plantation, and that the trustee in the said will of the said Shelby was a non-resident of the state. It was alleged in the bill that Shelby appointed the Bank of Commerce & Trust Company, Memphis, Tennessee, testamentary trustee, with directions to operate the farming interests of the said decedent and to turn over the profits of the said operation to the appellees, Mrs. Anna L. Shelby and the children of Anna L. and D. P. Shelby; that the testamentary

trustee, through a manager employed by it to superintend the plantation involved and embraced in the will, had contracted the obligation; that the trustee had refused to pay it; and that the petitioner was entitled to impress his claim upon the assets and property of the estate because of the nonresidence of the testamentary trustee. It was further alleged that the excuse given by the testamentary trustee for the nonpayment of the claim is that it did not have sufficient money on hand belonging to the said estate with which to pay the said account. It was further alleged that the testamentary trustee now has in its hands certain bonds and other personal property belonging to the estate. It was then charged: ''Petitioner further charges that the said personal property in the hands of the said testamentary trustee is liable for the debts contracted by the said trustee in the operation of the farming interests as aforesaid of the estate of D. P. Shelby, deceased. Petitioner would further show unto the court that there is at present belonging to the said estate of D. P. Shelby, deceased, large tracts of land in Bolivar county, Second Judicial district of said Bolivar county, Mississippi, and that the said property is of great value and that the said estate is amply able to pay its debts.'' The petition then prayed that the Bank of Commerce & Trust Company, testamentary trustee, and executor of the will of D. P. Shelby, deceased, Mrs. Anna L. Shelby, May Shelby, Elenor Shelby, and Zula Shelby Brown, be made parties defendants to this petition, that proper process of this court issue to them commanding them to appear and plead, answer or demur to this petition, at the March rules, 1930, answer under oath being hereby specially waived, and that the court will enter an order directing and commanding the said testamentary trustee, Bank of Commerce & Trust Company, to sell a sufficient number of the bonds or other personal property belonging to the said estate of D. P. Shelby, deceased, to pay the account of petitioner, and that the account be

declared a lien on the property of the said estate until paid, and prays for other relief general and special.

Attached to the petition was an itemized account showing visits to and prescriptions for various tenants upon the plantation, with an affidavit that the account is correctly stated, and it is not usurious, and has not been paid. The affidavit attached to the bill also set forth that the Bank of Commerce & Trust Company and Zula Shelby Brown, two of the defendants in the petition filed in the above cause, are nonresidents of this state, and that the place of business of the Bank of Commerce & Trust Company is Memphis, Tennessee, and that the place of residence of Zula Shelby Brown is Dallas, Texas.

The record does not show that any publication was made or attempted to be made to bring the Bank of Commerce & Trust Company into court, and there was no appearance of the Bank of Commerce & Trust Company, and no decree pro confesso against it, and no proof introduced in evidence to sustain the allegations of the bill as to the Bank of Commerce & Trust Company.

The defendants, Anna L. Shelby, May Shelby, Elenor Shelby, and Zula Shelby Brown, filed an answer in which they denied liability of the estate for the said debt, and denied any personal liability therefor, and denied the authority of the testamentary trustee or its plantation manager to contract said debt so as to bind either them or the estate.

An agreed statement of facts was signed by counsel representing the complainant, D. D. White, and counsel representing the defendants, Mrs. D. P. Shelby, May Shelby, Elenor Shelby, and Zula Shelby Brown, devisees under the will; but the agreed statement of facts was not signed by the Bank of Commerce & Trust Company, testamentary trustee. The agreed statement of facts, in short, agreed that the executor had administered the estate and had been discharged as executor, and had de-

livered all the property to the Bank of Commerce & Trust Company as trustee, the same having been done at the February, 1925, term of the court; that since said time the trustee had operated the farming lands, farming the same, and in such operation employed one Beall as manager of the said lands of the estate with full authority to act as said trustee in the expenditure of funds and the creation of debts for the operation of said farming interests for the years 1927 and 1928. It was further agreed that the account of Dr. White was for medical treatment and professional services rendered to the various tenants and croppers employed in the working of said farming lands, which services were rendered at the special instance and request of the said Beall, acting as agent of said trustee, and which said services were rendered for the years 1927 and 1928 and charged to the estate of D. P. Shelby, deceased, and that the same had not been paid; that, in so far as the accuracy of the said account is concerned, the parties agree that the same is correct and said services were rendered; that no profits were made during the years 1927 and 1928 out of the farming operations, conducted by the said Beall acting for the trustee aforesaid; and that copy of the will of D. P. Shelby, deceased, was attached to the agreement. By the will so attached, the estate of testator, after payment of debts, was bequeathed and devised to Anna Shelby and the children of the testator and the said Anna Shelby, subject to the following trusts and conditions, to wit: "The Bank of Commerce & Trust Company, of Memphis, Tennessee, as trustee of my estate, shall hold, control and manage all of property and estate, real, personal and mixed and wherever situated and shall pay over the income, revenue and profits thereof to my wife and children share and share alike. Upon the death of my wife, her share and interest in my estate shall become the property of my children share and share alike

and upon the death of any one of my children his or her share shall become the property of his or her legal heirs or representatives. It is my will and purpose that the trust herein created vesting my property and estate in the Bank of Commerce & Trust Company, of Memphis, Tennessee, as trustee for my wife and children, shall not upon by wife's death as to her or any other portion of the estate, nor shall it cease as to the portion of any of my children who die without issue, but upon the death of any of my children leaving issue the trust shall cease as to the portion of my estate of said child so dying and such portion shall be set aside and turned over to the surviving issue. All interest hereby bequeathed and devised to my wife and daughters shall be to their sole, separate and exclusive use and free from the debts contract or control of their respective husbands. During the minority of my children, the Bank of Commerce & Trust Company, as trustee aforesaid, shall pay over the share and income of such minors to my wife, Anna Shelby to be expended by her for their maintenance, education and support, but should such income be more than sufficient for this purpose, the surplus shall be reinvested by trustee and should my wife die during the minority of any of my children, the Bank of Commerce & Trust Company is hereby constituted and appointed guardian of such minors is charged with the maintenance, education and support of my children out of the income of my property as hereinbefore directed. I hereby constitute and appoint the Bank of Commerce & Trust Company, of Memphis, Tennessee, Executor of this will and testamentary trustee, and I hereby vest in my said trustee full power and authority to sell and execute deeds to such portion of my real estate situated in the town of Shelby, county of Bolivar, state of Mississippi, whenever in the opinion and judgment of said trustee it should become judicious and to the best interest of my estate to

dispose of any portion of said town property, and I direct and empower said trustee to reinvest the proceeds of the sale of said town property in first mortgages on real estate.''

On the hearing the chancellor rendered a decree allowing the account of Dr. White and adjudicating it a charge upon the estate of D. P. Shelby, and rendered a personal judgment against Mrs. D. P. Shelby, May Shelby, Elenor Shelby, and Zula Shelby Brown.

We are of the opinion that the testamentary trustee is a necessary party to this suit, and that such party must be brought into court either by publication according to law or by voluntary appearance, and must be given the opportunity to defend against the claim sued on; and we are further of the opinion that the allegations of the bill and the affidavits attached thereto are not sufficient to authorize publication. By section 3130, Hemingway's 1927 Code, section 3920, Code of 1906, as amended by Laws of 1924, chapter 151, section 7, it is provided: ''If the defendant in any proceeding in a chancery court be shown by sworn bill or petition, or by affidavit filed, to be a non-resident of this state, or not to be found therein on diligent inquiry and the post office of such defendant be stated in the bill, petition or affidavit, or if it be therein stated that it is not known to the complainant or petitioner after diligent inquiry, . . . the clerk, upon the filing of the bill or petition, account or other commencement of a proceeding, shall promptly prepare and publish a summons to such party to appear and defend the suit, on a rule day in vacation sufficiently distant in time to admit of the due publication thereof, or on the first day of the next regular term if thereby the answer of the defendant would be the earlier required.''

A form of summons is then set out in the statute. It is then provided: ''The publication of said summons shall be made once in each week during three successive weeks in a public newspaper of the county in which the

court is held if there be one, and where there is no newspaper in the county the notice shall be posted at the court house door of the county and published as above provided in a public newspaper in an adjoining county or at the seat of government of the state, and the period of said publication shall be deemed completed at the end of twenty-one days from the date of the first publication, provided there have been three publications made as hereinabove required; and upon proof of the prescribed publication of such summons and of the mailing of a copy of the summons to the defendant at his post office where that is stated, the defendant may be thereafter proceeded against as if he had been served personally for five days with a summons in the case in this state. Where the post office address of a defendant is given the street address, if any, shall also be stated unless the bill, petition, or affidavit above mentioned, aver that after diligent search and inquiry said street address cannot be ascertained.''

It will be noted from a reading of this section that the post office address of the nonresident defendant is required to be given in the bill or affidavit attached thereto with the street address, if any, or there must be an affidavit that it cannot be learned after diligent inquiry. The bill and the affidavit do not set forth a post office address at all, but merely state that testamentary trustee's business office is at Memphis, Tennessee, and that it is a resident of Memphis, Tennessee. There is a distinction between residence and post office address of a person. Ponder v. Martin, 119 Miss. 156, 80 So. 388, 390; Id. (Miss.), 78 So. 929. It is there held: ''It is of the highest importance that parties interested receive summons or notices, and where publication is substituted for summons, the proceedings required by statute must be strictly followed.'' It was also held that under section 3920, Code of 1906, providing for service of summons for

publication where such service was sought, and the bill and affidavit for such publication gave the residence of the defendants and failed to state that such place was also his post office address, or that his post office address was unknown, such service was insufficient. See, also, Moore v. Summerville, 80 Miss. 323, 31 So. 793, 32 So. 294; Diggs v. Ingersoll (Miss.), 28 So. 825.

In Clopton v. Gholson, 53 Miss. 466, it was held that ordinarily debts contracted by executors and administrators are obligatory only as personal obligations, and cannot primarily bind the estates committed to them, except in cases specially authorized by statute.

In Norton v. Phelps, 54 Miss. 467, it was held that, while a person dealing as a creditor with a trustee must look to him personally, and not to the trust estate, yet, where the trustee procures expenditures to be made for the benefit of the trust estate, which it has not paid for directly or indirectly, and the estate is indebted to the trustee on account thereof, or otherwise, or would be if he should pay the advances, and the trustee is insolvent or nonresident, so that the creditor who makes the expenditures cannot recover his demand from him here, the creditor may enforce the demand, by bill in chancery, directly against the trust estate. It was further held that trustees have an inherent right to be reimbursed all expenses properly incurred in the execution of the trust, and no express declaration in the trust instrument is requisite to create that right.

It will thus be seen that in operating the trust the trustee is primarily liable to his creditors, but, when he pays claims for the benefit of the trust estate, which he is authorized by the trust instrument to incur, he may be reimbursed out of the estate. Primarily the trustee is the debtor, and usually has peculiar knowledge of the conditions and circumstances of the contract made, or obligation incurred, and in many cases would be the only per-

son that had full knowledge of these facts and circumstances. It is therefore highly important and absolutely necessary that such trustee be made a party defendant and brought into court in the manner required by law, unless he voluntarily enters an appearance. It is true that, when the trustee is a nonresident, judgment on publication of process without an appearance would only establish the right to subject the property administered by him under the trust to the demands of the creditor, and that a personal judgment would not be valid without an appearance; nevertheless the creditor when proceeding against a nonresident, as sought to be done in this case, must establish his claim against the trustee. The creditor must also establish the right of the trustee to be reimbursed from the estate held in trust. This cannot be done by agreement of the beneficiary and the creditor of trustee alone. The trustee is entitled to be brought into court by due proceedings and given the opportunity to resist the claim, and the creditor must prove as against the beneficiaries of the trust estate the right of the trustee to look to the estate for reimbursement in case the claim is paid. The trustee is not bound by any agreement to which he is not a party, and, to establish the claim against the trustee and his right to reimbursement from the estate, they must be established in the legal way.

It was also error to render a personal decree against the appellees who did appear. For the errors indicated, the judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.