SELLERS *v.* POWELL.

(Division B.   Jan. 22, 1934.)

[152 So. 492.   No. 30870.]

Ford & McGehee, of Columbia, for appellants.

684

**Seth Dale**, of Columbia, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Powell, sued out an attachment in chancery against B. Morgan, C. V. Lindsey, B. G. Lindsey, C. A. Morgan, R. D. Hudiburgh, J. A. Russell, A. J. Buckley, O. A. Morgan, R. E. Smith, and O. R. Russell, nonresidents of the state of Mississippi, and operating a number of chain stores under the trade-name of Morgan & Lindsey Chain Stores, with their general office in Jasper, Texas, and one of such stores at Columbia, Marion county, Mississippi, and W. C. Sellers a resident citizen of Marion county, Mississippi, and the manager of defendants' store at Columbia, Mississippi, alleging that said W. C. Sellers has effects of the said copartnership in his hands or under his control subject to attachment in chancery.

As a ground of this action, it is alleged that the complainant, Powell, was at that time a person of good reputation, esteemed by his neighbors, and was never suspected of any dishonesty; but that the defendants, well knowing the premises, and being fully cognizant of the rights and privileges of complainant, did wantonly, willfully, recklessly, maliciously, on or about March 28,

1931, in the defendants' store at Columbia, Mississippi, while he was lawfully therein for the purpose of making a purchase acting through said W. C. Sellers and a lady clerk or saleslady who were strictly in the scope of their employment, did obstruct complainant as he was leaving the store, and, over his protest, require him to go to the rear of the store, and there was accused by W. C. Sellers and the saleslady with having stolen a pair of gloves, then and there saying to complainant, "You did steal them, I saw you steal them," and "He has them in his pockets now," and that said accusation was wholly false and without foundation, and by forcing complainant to draw from his pocket his own gloves, and saying "Now, you see they are ours, they are just alike," all of which was calculated to lead to a breach of the peace. Complainant asked for a more minute comparison of the gloves, and finally acceding to this request, a minute comparison was made of complainant's gloves with gloves belonging in the store, and W. C. Sellers and the saleslady were convinced that they were wrong and their accusation was false and without foundation.

Complainant asked damages in the sum of ten thousand dollars.

The bill did not state the post office addresses of the nonresidents, but merely stated they were a partnership at Jasper, Texas. Nor was any affidavit filed showing post office address. On the trial the complainant offered proof of publication to the nonresidents, which does not show their post office addresses, said proof of publication reading as follows:

"Notice to nonresidents:

"The State of Mississippi to B. Morgan, C. V. Lindsey, B. G. Lindsey, C. A. Morgan, R. D. Hudiburgh, J. A. Russell, A. J. Buckley, O. A. Morgan, R. E. Smith, and O. R. Stinson:

"An attachment at the suit of Henry P. Powell against your estate for ten thousand dollars, returnable before

the chancery court of Marion county, at Columbia, Mississippi, has been executed and is now pending in said court; and unless you appear before said court on the 2nd Monday of April, A. D. 1932, and plead to said action, judgment will be entered and the estate attached will be sold. Witness my signature and official seal this the 17th day of February, A. D. 1932. J. W. Rawls, chancery clerk.'' There was no proof by the clerk that he mailed copies of this notice to the nonresidents.

W. C. Sellers denied that he had possession of property belonging to the nonresidents, setting up that he was the mere manager in charge of their store at Columbia, Mississippi, and that the store building belonged to a resident of Columbia, Mississippi.

After the answer was filed, the complainant amended his bill by striking out the words, ''contrary to the statute,'' and ''calculated to lead to a breach of the peace,'' and the cause proceeded to trial.

Henry P. Powell testified that he went into the store to exchange a victrola record, and the manager told him they did not exchange such, and that he thereupon went to the counter where files were kept for the purpose of exchanging a file for one of greater cost, and while there, he took off his glove and laid it down on the counter, and examined files, asking if they had a fifteen-cent file. There were none and complainant started to leave, and Sellers asked him to go to the rear of the store; that he did so, and Sellers asked him to go behind a curtain setting off the rear part of the store, and when he reached there, Sellers asked him if he did not forget to pay for something, and he said no, and Sellers asked about the gloves in complainant's pocket, and he said, ''I know, I brought them from home,'' that his brother had given them to him; that Sellers said, ''You got them out of the store,'' and that complainant told him, ''No, I brought them from home, I did not do nothing,'' and said he would, if given time, produce his father, brother,

and the man who sold the gloves, but that Sellers then called the saleslady who had reported to Sellers that Powell had taken the gloves from the glove counter, and this saleslady said in the presence of Sellers and Powell that Powell had stolen the gloves, saying in answer to Sellers' question, ''Yes sir, I did, he took them off the counter, you did steal them; I saw you steal them;'' and that on a closer examination, the gloves were found not to be the same as those on the glove counter in the store, there being a difference in the cuffs, and that Sellers then said they did not correspond, and further said, ''We made a mistake; you made a mistake, we made a mistake accusing you like we did,'' and then said, ''You made a mistake by laying a glove on the counter, then picking it up and putting it in your pocket.''

There are no witnesses who testified that they heard the conversation between Sellers and the complainant, and the only statement made in the presence of other persons was the statement of the saleslady, that complainant did steal the gloves, which was made in the presence of Sellers. Another witness, a relative of complainant, testified that she was in the store at the time and found out that somebody was being questioned, but just who gave her this information she does not disclose. She testified that she went over near the curtain, and the complainant said he could prove it, if given a chance, but she did not stop to hear more.

The chancellor found for the complainant, Powell, in the sum of one thousand dollars damages, both against Sellers and the nonresidents.

As stated above, there was no proof of publication necessary to make a case of slander. The statement made by Sellers which could be offensive in the sense of slander was not the statement alleged in the declaration. We think Sellers' action in requesting Powell to come to the rear of the store was intended to shield complainant as much as possible while making an investigation, which,

under the circumstances, Sellers was warranted in making as manager of the store. The complainant admitted picking up a glove from the counter, but it turned out to be his own property. He was permitted, after the investigation, to depart, and was given an apology.

As stated above, the declaration was amended so as to change the case from under the actionable words statute, to one of slander. In such case, slander must be proved substantially as alleged, which was not done, and there is no proof that the words actually used were overheard, at the time, by any other person.

The nonresidents were not in court. The chancellor held that the service of summons for the nonresidents was sufficient to compel their appearance within the meaning of section 174, Code 1930. He was referring to the service of copy of the original bill of complaint on Sellers, the manager of the nonresidents' store.

Section 177, Code 1930, requires publication for nonresidents to be made "as in other cases." Section 2972, Code 1930, provides that proof of publication shall be made by sworn bill or petition or affidavit that defendant is a nonresident of the state and not to be found thereon in diligent inquiry, and the post office of such defendant must be stated in the bill, petition, or affidavit. Publication is required to be made once a week for three consecutive weeks in a newspaper in the county where court is held, and where there is no newspaper in the county, the notice shall be posted at the courthouse door for said time. Section 2973, Code 1930, requires the clerk to mail copy of the summons to the nonresidents.

This court, in numerous cases, has held that the statute requiring notices must be strictly complied with, and that unless complied with, jurisdiction is not conferred. Diggs v. Ingersoll (Miss.), 28 So. 825; Guess v. Smith, 100 Miss. 457, 56 So. 166, Ann. Cas. 1914A, 300; Ponder v. Martin, 119 Miss. 156, 80 So. 388; Burns v. Burns, 133 Miss. 485, 97 So. 814; Belt v. Adams, 124 Miss. 194, 86

So. 584; and McCray v. McCray, 137 Miss. 160, 102 So. 174. Not having complied with the statutory requirements, the nonresidents were not in court, and the court had no power to render judgment against them, nor could testimony introduced in the case be applied as against them. Had they been in court, it may be that a case would have been made against them by the alleged statement of the saleslady in the presence of the manager, but as to this, it is not now necessary to decide.

There is no proof in the record as to what property or how much, or of what value, there was at the time of the serving of a copy of the bill on Sellers. Consequently, there was no valid judgment against the nonresidents, and no property was condemned, and a personal judgment could not be rendered without personal service of summons or personal appearance.

It is true the nonresidents did not appear and did not appeal from the judgment. This statement is made to show that the statement made by the saleslady had no effect to create liability against the nonresidents as they were not in court, and her statement does not make out a case against Sellers. She was an employee of the company, not of Sellers, and he was not liable for statements made by her under the facts in this record.

Therefore, it was error for the court below to render a judgment against the nonresidents, and the proof did not make out a case against Sellers. The cause will be reversed and remanded.

Reversed and remanded.