KHOURY *et al. v.* SAIK.

(In Banc. January 26, 1948.)

[33 So. (2d) 616. No. 36657.]

156

Beard & Pack and Deavours & Hilbun, all of Laurel, for appellants.

158

**E. C. Fishel,** of Hattiesburg, and **Fred A. Ross** and **M.' V. B. Miller,** both of Meridian, for appellee.

Argued orally by **Fred A. Ross**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This suit was tried in the Chancery Court of Jones County, wherein appellee as complainant sought cancellation of a certain deed executed by him to Mrs. Latife N. Haik, his mother-in-law, conveying to her certain lands in Jones County. The wife of appellee was dead before and at the time of the litigation, but Vilma Saik, their minor child, was a non-resident of the State of Mississippi and resided in the City of New Orleans, Louisiana, with her aunt, one of the defendants in this cause. The mother-in-law, by will, devised this land to her grand-

daughter, the daughter of the appellee, Vilma Saik, and to her two daughters who were also the aunts of Vilma, and with one of whom she lived, as stated. It is not necessary to discuss the pleadings or to set forth the complaint, or the evidence in the case, since we have concluded that the court was without jurisdiction of the minor, and hence the final decree was void, and it must be reversed and the cause remanded for a new trial. The trial court granted the relief sought by appellee, from which adjudication the minor daughter of appellee and her two aunts have appealed here.

After the appeal had been taken by Vilma Saik and her aunts, they filed a motion with the trial court seeking to have the final decree avoided because of their charge that the process upon the minor was insufficient under the statute, and therefore the entire decree should be vacated. This motion was correctly overruled, since at that time the trial court had lost its authority by the appeal to this Court. However, being a jurisdictional matter, it may be raised here for the first time. In the assignment of errors, appellants do raise it by charging the final decree of the trial court to be null and void as to the appellant Vilma Saik, a minor, for the reason that the court lacked jurisdiction of said minor; and that the attempted service of process on the appellant Vilma Saik, a minor, was void; that said minor, Vilma Saik, being a necessary and indispensable party-defendant, the lower court erred in rendering a decree against said minor's co-defendants without jurisdiction of the minor.

Several different challenges are urged by appellants here in support of their contention that the process upon the minor was void, but we discuss only one of them, since, in our opinion, the process failed because of such defect. As stated, ante, the minor was a non-resident of Mississippi, and was sought to be made a party-defendant under Section 1852, Code of 1942, which provides for summons by publication. It requires that upon the filing of the proper precedent affidavit the clerk "shall promptly pre-

pare and publish a summons to such party to appear and defend the suit, on a rule day in vacation sufficiently distant in time to admit of a due publication thereof, or on the first day of the next regular term if thereby the answer of the defendant would be the earlier required." The statute requires this summons to be published once in each week during three successive weeks in a public newspaper of a county in which the court is held, if there be one, as there was in this case. We have several times construed this section, and have always held that a constructive service of process thereunder is insufficient to support a decree unless the procedure strictly conforms to the requirements of this section. Moore v. Summerville, 80 Miss. 323, 332, 31 So. 793, 32 So. 294; Mercantile Acceptance Corporation et al. v. Hedgepeth, 147 Miss. 717, 112 So. 872; McCray v. McCray et al., 137 Miss. 160, 102 So. 174; Shelby et al. v. White, 158 Miss. 880, 131 So. 343; Sellers v. Powell, 168 Miss. 682, 152 So. 492; Belt et al. v. Adams, 124 Miss. 194, 86 So. 584.

Section 1217, Code of 1942, provides for the holding of Chancery Court in Jones County, second district, on the Fourth Monday of October, which was, in the case at bar, on October 22, 1945, to which date the process should have been made returnable. On the contrary, it was made returnable the following Monday, or one week later, which was October 29, 1945. It will be noted that Section 1852, supra, directs that the publication process must be made returnable to a rules day, or the first day of a regular term. October 29, 1945, was neither a rules day nor the first day of a regular term, and since strict compliance with this statute has always been deemed necessary in this jurisdiction, we are compelled to hold that the requirements of the statute were not met by the process here.

The appellee argues that the case of Sweatman et al. v. Dean et al., 86 Miss. 641, 38 So. 231, 232, characterizes this situation as a mere irregularity and holds process in a similar instance not void. An examination of that

case reveals that the process there was personal, and the attack thereon was collateral, whereas the process here was by publication, and since this is an appeal to the Supreme Court from a decree of chancery court, it is a direct attack. Furthermore, the Court held that the process there being personal was amendable. Counsel for appellee do not suggest any method whereby publication process may be amended while in course of publication. The Court said in the cited case: "that some of the defendants were cited to the second, instead of the first, Monday of the term. The decree sought to be impeached was rendered at a much later date than the return day, and during the fourth week of the term. At the most this was a mere irregularity, amendable if attention had been called to it, and, if not amended, presenting only the question of error or no error on direct appeal from the decree rendered by the court, but not affecting its validity in a collateral attack." It may be readily seen, therefore, that the Sweatman case is not in point here. Furthermore, it does not appear that any of the defendants in the Sweatman case were minors.

The case of McCormick Motor Car Company v. McDonald, 153 Miss. 409, 121 So. 121, 123, cited by appellees in support of their position is not pertinent here. It was a collateral attack involving sessions of the court of a justice of the peace, which the opinion pointed out "he may change these times and places from time to time, without giving notice to the public except by the docket entry of time and place of holding such court."

In the case at bar, the infant defendant Vilma Saik, filed an answer, and appeared and testified in court, and it is argued that this cured the above defect in the process, conceding that it be a defect. Minors can waive nothing. In the law they are helpless, so much so that their representatives can waive nothing for them, and hence the answer and the appearance in court as a witness of this minor could not, and did not, bring her into court for the purpose of enabling the entry of a final

decree against her. In Parker v. Smith et al., 150 Miss. 849, 117 So. 249, 250, it was argued that the minor having appeared in person before the court became subject to the jurisdiction thereof, and such appearance would cure any defect in the process. The Court there said: "Conceding that this rule is applicable to adults not under disability, it could have no application to minors. It is well settled that the infant can waive none of his rights; that no jurisdiction can be had over the person of an infant, except by the issuance and service of process, in the manner required by our statute. Price, Adm'x v. Crone, 44 Miss. 571. If the infant be not legally served with process, the appearance of his solicitor, although employed by him, will not bind the infant. Hardy v. McClellan, 53 Miss. [507], 512." The authorities from other states are also to the effect that an infant cannot waive anything, and that it cannot be done for him. For instance, the Annotation from 121 A. L. R. 957 (Infants, Sec. 73½), announces that: "in every jurisdiction in which the question has been raised it has been held that an infant can neither acknowledge nor waive the regular service of process upon him." The Supreme Court of Oklahoma decided that: "an infant cannot waive issuance and service of summons; nor can any person, not even his guardian, do so for him." Bolling v. Campbell, 36 Okl. 671, 128 P. 1091, 1093.

Since we have held, supra, that the process upon Vilma Saik, the minor in this case, was insufficient to bring her into court so as to bind her by the decree of the court, and furthermore that she could not and did not bring herself into court by pleading, and appearing at the trial as a witness, and since she was an absolutely necessary party to the proceeding, the fact that the decree against her was invalid renders it also invalid as against her codefendants. Griffith's Mississippi Chancery Practice, Sec. 624, p. 713, announces the rule to be that: "It is error to proceed to final decree where one defendant has not been served with process and is not dismissed, or

where the suit is not ready for final hearing as to all of the parties, . . ." And, we have announced that a court of equity will not proceed to a final decree as to any defendant until the cause is triable as to all defendants. Dorsey et al. v. Sullivan, 199 Miss. 602, 24 So. (2d) 852. And, we have, furthermore, held that where the decree is void as to one of the necessary parties, it will be vacated as to all. Moore v. Summerville, 80 Miss. 323, 31 So. 793, rehearing denied 80 Miss. 323, 32 So. 294.

In view of what we have said above, it follows that the cause must be, and is, reversed and remanded to the lower court for further proceedings.

Reversed and remanded.