## Salmon, et al. *v.* Bishop, et al.

No. 40397 May 20, 1957 95 So. 2d 218

*Fant & Bush*, Holly Springs, for appellants.

*Smith & Hurdle*, Holly Springs, for appellees.

APPELLANT IN REPLY.

HOLMES, J.

The appellees, Mrs. Lena Bishop and others as complainants below, filed their original bill in the Chancery Court of Marshall County against the appellants, Buford Salmon and others, as defendants below, seeking to have set aside as null and void a prior decree of said court rendered on May 15, 1951, in the matter of the estate of Doc. C. Morrison, deceased, and seeking to have canceled as clouds upon the title of the complainants all claims of the defendants asserted by virtue of said prior decree to the land owned by the deceased, Doc C. Morrison, at the time of his death.

A brief statement of the facts as disclosed by the record is necessary to a proper understanding of the questions presented for decision on this appeal.

Doc C. Morrison, a resident of Marshall County, Mississippi, died on March 1, 1951. At the time of his death he owned approximately 225 acres of land in Marshall County, particularly described in an exhibit to said original bill. His widow, Mrs. Lora P. Morrison, survived him as his sole heir at law. He left a holographic will which reads as follows:

"Dec. 23 - 1950

"Being in my right mind and sober I make this my will & request at my death. I want Mark V. Kirk appointed administrator. If need for a second man let it be Deloy McCandless.

"I want my insurance collected & all debts paid, that I owe.

"I want Lora to have the rent from the farm as long as she lives and does not get married, also that she does

not sell to, rent to, give to, loan to, or allow Buford Salmon, his wife Lela, any of their children or grand children or any of their generation here after to come in possition of any thing we owned or possess. In violation to any of the above said wishes & request I want Mark Kirk on the above mentioned names as administrator to sell & divide the money for every thing we owned as follows. Half to go to Lora & half to go to my relatives as follows. ⅓ of my part to my sister Lena Bishop. ⅓ to Mrs. B. A. Perry & daughter Gladys, and 1/3 to J. B. Bishop Jr. & Melba, his wife.

"In case there is no violation of my will & request this division will be done at Lora's death.

"My insurance policy is for $2500.00 natural death, $10,000.00 accidental death. In case of natural death all goes to Lora after debts & expenses paid, in case of accidental death & $10,000.00 is paid then pay all debts & funeral expences. Then devide the remainder of policy as follows. Half to Lora. one fourth to (Veina) or Mrs. B. A. Perry & Gladys & one fourth to J. B. Bishop Jr. & wife Melba.

(signed) Doc C. Morrison"

On March 26, 1951, Mark V. Kirk, the executor named in said will, filed a petition to have the will admitted to probate in common form and for the issuance to him of letters testamentary. In the petition praying for the will to be admitted to probate in common form and for the issuance of letters testamentary, there followed in the same instrument a petition for the will to be admitted to probate in solemn form, and averring that because of the peculiar phraseology of the will it was necessary to construe the same in order that the executor might properly perform his duties, and praying process on the beneficiaries named in the will other than Mrs. Lora P. Morrison, whose signature appears on the petition as co-petitioner. The beneficiaries other than Mrs. Morrison

were shown by proper affidavit accompanying the petition to be nonresidents of the State of Mississippi and their post office and street addresses were given. It is argued by the appellees here that Mrs. Morrison, the widow, did not sign the petition prior to the issuance of process thereon, or prior to the filing thereof, or prior to the rendition of the decree on the petition. The record, however, shows that she was a copetitioner with the executor, and there is no proof that she did not sign the petition prior to its filing or prior to the issuance of process.

The affidavit for the issuance of process to be served on the nonresident defendants by publication was in accord with the requirements of Section 1852 of the Mississippi Code of 1942, and no attack is made upon the sufficiency of this affidavit. The process, however, issued by the clerk read as follows:

"CHANCERY SUMMONS

"STATE OF MISSISSIPPI

"To Lena Bishop, Mrs. B. A. Perry, Mrs. Gladys Perry, also known as Mrs. Fred Lyons; J. B. Bishop, Jr., and Melba Bishop, his wife.

"You are commanded to appear before the chancery court of the County of Marshall in said state on the second Monday in May, 1951, at Holly Springs, Mississippi, to defend the suit No. 8861 to then and there appear and show cause, if any you can, why this court should not properly construe an instrument of writing purporting to be the last will and testament of Doc C. Morrison, testator, wherein you are a defendant.

"This 26 day of March, A. D. 1951.

"Mrs. J. K. Hurdle, Clerk
"By M. M. McAlexander, D.C."

The cause in which the petition for admission of the will to probate and for a construction thereof was filed

was cause No. 8166 on the general docket of the Chancery Court of Marshall County. The number of the cause was erroneously stated in the summons as No. 8861. The summons as issued also failed to state the names of the petitioners or complainants who were seeking by petition to have the will admitted to probate in solemn form and to have the court construe the same.

Said Code Section provides that the summons shall be substantially in the following form, to wit:

"The State of Mississippi.

"To ___ _____(inserting name of defendant). You are summoned to appear before the chancery court of the county of_____in said state, on the__ ____Monday of_____A.D._____to defend the suit no_____in said court of_____ (et al.) wherein you are a defendant.

"This_____day of_____A.D._____

_____ _____Clerk"

There is no denial of the fact that the summons in the form issued was mailed to the respective addresses of the parties named defendants to the petition, being the same parties as the appellees here.

No answer or appearance was made by any of the parties in response to the aforesaid summons. At the May 1951 term of the Chancery Court of Marshall County to-wit, on the 15th day of May, 1951, the chancellor rendered and entered a decree on the aforesaid petition to admit the will to probate in solemn form and for a construction of the same. He recited in his decree that process had been duly obtained on all interested parties and that all such parties were properly before the court and the court had jurisdiction of the cause, and he decreed that the will be admitted to probate in solemn form. He further decreed that the will was so ambiguous, uncertain and unintelligible in its language that it was impossible to deter-

mine the meaning of the testator and that, therefore, the will was wholly void, and he adjudged the same to be void, and further adjudged that the said Doc C. Morrison should be deemed to have died intestate, and that his widow, Mrs. Lora P. Morrison, who was his sole heir at law, inherited the entire estate of her deceased husband under the laws of descent and distribution, and further decreed that the defendants, Mrs. Lena Bishop, Mrs. B. A. Perry, Mrs. Gladys Perry, also known as Mrs. Fred Lyons, and J. B. Bishop, Jr., should not receive or be entitled to any share of the estate of Doc C. Morrison under the terms of said will. There was no appeal from this decree and a little more than four years later the suit now before the Court was brought by Mrs. Lena Bishop and the other beneficiaries named in the will of Doc C. Morrison other than Mrs. Lora P. Morrison, who died on or about the 15th day of January, 1955. Mrs. Lora P. Morrison left a will, which has been admitted to probate in the Chancery Court of Marshall County, wherein she devised her estate to her brother, Buford Salmon, her half-brother, Robert Salmon, and certain of her nieces.

This suit, as heretofore stated, seeks to have set aside the decree of the court rendered on the 15th day of May, 1951, and to have the same adjudged to be null and void and to cancel any claims of the appellants asserted thereunder, and the appellees contend that the decree is void for the lack of proper process on the necessary parties, and that the same should be wholly disregarded as a nullity, and that the will of Doc C. Morrison should be construed to vest in his widow, Mrs. Lora P. Morrison, a life estate in his land and upon her death title in the remaindermen named in the will, who are the appellees here. It is also contended by the appellees that the petition filed for the admission of the will to probate in solemn form and for a construction of the will was not sufficiently broad in its terms to authorize the chancellor

to declare the will null and void, and that the chancellor's decree rendered on May 15, 1951 was beyond the purview of the petition.

The chancellor, on the hearing of this cause, set aside his former decree rendered on May 15, 1951, and adjudged that under the terms of the will Mrs. Morrison acquired a life estate in the land of Doc C. Morrison, and that the appellees here became entitled to the land upon the death of the said Mrs. Morrison. It is from this decree that the appellants prosecute this appeal.

The appellants contend (1) that the court was without power to modify its previous decree and that the attack upon the decree was in the nature of a bill of review and was barred by the two-year statute of limitations; (2) that on the hearing of this cause in the court below no evidence was offered or heard by the court to show that the previous decree was erroneous; and (3) that all parties were properly before the court in 1951 and that if there were any errors in the returns they did not affect the validity of the process.

██ █ We address ourselves first to the question presented on this appeal as to the sufficiency of the process, that is to say, the summons for the nonresident defendants. It is undisputed that the summons issued for the nonresident defendants was not in strict conformity to the requirements of Section 1852 of the Code of 1942. It inserted the wrong cause number and omitted the names of the parties who were bringing the suit, that is to say, the suit or proceedings for the admission of the will to probate in solemn form, and for a construction of the will. This court has held repeatedly that the statutory method resorted to in lieu of personal summons to bring a nonresident before the court must be strictly complied with. Moore v. Summerville, 80 Miss. 323, 32 So. 294; McCray v. McCray, 137 Miss. 160, 102 So. 174; Mercantile Acceptance Corp. v. Hedgepeth, 147 Miss.

717, 112 So. 872; Shelby v. White, 158 Miss. 880, 131 So. 343; Sellers v. Powell, 168 Miss. 682, 152 So. 492.

Griffith's Mississippi Chancery Practice, 2d ed., Section 236, says: "It is the uniform and unbroken course of decision in this state that where notice by publication is resorted to as a basis for the jurisdiction of the court in lieu of personal summons all the requirements of the statute as to such notice must be strictly complied with and it being a jurisdictional matter it cannot be cured by a recital in the decree as against a direct proceeding attacking it. . . ."

In this case, the attack upon the decree is a direct attack. McCray v. McCray, 137 Miss. 160, 102 So. 174. A recent announcement of the strictness which is required as to compliance with the statute is in Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195. In that case, the defendant was named as "Nathan McMullen, whose place of residence and post office address is Sherman, Texas, but whose street address is unknown to respondent and could not be ascertained after diligent inquiry." The court said that it was not stated in the pleading that Nathan McMullen was a nonresident of this state or not to be found therein on diligent inquiry. The Court held the form of the summons not to be a compliance with the statute. The Court further held that the statute is jurisdictional.

In 21 C.J.S., Courts, Section 83, page 124, it is held that a person's knowledge of the existence of an action does not supply the want of compliance with the statutory or legal requirements as to service and that a person's mere presence in court does not give jurisdiction to entering a judgment against him when he was not brought in by any legal means. This same principle was recently pronounced in the case of Hyde Construction Co. v. Elton Murphy-Walter Travis, Inc., 86 So. 2d 455.

It is argued by the appellants that the insertion in the summons of the wrong case number and the omission from the summons of the names of the petitioners who brought the proceedings was not such as to mislead the nonresident defendants. The fact is, however, that the legislature has prescribed the form of summons required to obtain service of process upon nonresidents. Beginning with Section 1855 of the Mississippi Code of 1880 and continuing through Section 3421 of the Code of 1892, Section 3920 of the Code of 1906, Section 3130 of the Code of 1927, Section 2972 of the Code of 1930, and Section 1852 of the Code of 1942, all required that the name or names of the persons bringing the proceeding be inserted in the summons. Such is an important requirement in order that the summons inform the defendant the name or names of the parties who are bringing the proceeding against him. Prior to 1924, the statute did not require that the case number of the suit be inserted therein. However, the legislature amended the statute in 1924 by its adoption of Chapter 151 of the Laws of 1924, entitled, ''An Act to further simplify the practice in chancery courts and to prevent immoderate delays therein.'' In this amendment, the legislature required for the first time that the suit number or case number be inserted in the summons. We must attach some significance to this action of the legislature or else indulge the presumption that the legislature did an idle thing. It is not a question whether or not the nonresident defendants on inquiry might find out if a suit was pending against them. The question is whether they were legally brought into court by a summons which meets the statutory requirements.

We think in this case the summons was defective and insufficient to support a default decree. A well-reasoned and analagous case in support of these views is the case of Durham, et al v. Betterton, et al., (Supreme Court of Texas) 14 S. W. 1060, wherein the Court said:

"Whether a citation which omits to state the file number of the suit is such a compliance with article 1215 of the Revised Statutes as will support a judgment by default is the first question raised by the assignment of errors, and the only one, we think, necessary to be considered in this case. An essential feature of the citation provided for by the article referred to is that it 'shall state the file number of the suit.' Prior to the adoption of the Revised Statutes in 1879, this was not required. Pasch. Dig. arts. 1430, 1431. It is well settled in several decisions that a citation which does not 'contain the names of the parties to the suit' is not sufficient to authorize a judgment by default. Norvell v. Garthwaite, 25 Tex. 583; Heath v. Fraley, 50 Tex. 211. The article cited does not more imperatively require that 'the names of all the parties to the suit' shall be contained in the citation than it 'shall state the file number of the suit.' The same reasons for holding, in the cases mentioned, that the citation was fatally defective applies to the case under consideration. Although the citation may be in all other respects perfect, and the objection urged may be therefore plainly technical, still the language of the law is unmistakable, and leaves no room for construction. To hold that the citation in this case, which does not 'contain the file number of the suit,' is sufficient, and will support a judgment by default, would be to dispense by judicial construction with a statutory requirement, and in effect repeal that portion of article 1215 declaring that the citation 'shall state the file number of the suit.' We think the judgment should be reversed, and the cause remanded."

In commenting upon the rule that the statute with reference to the summons for a nonresident defendant must be strictly complied with, Judge Griffith, in Griffith's Mississippi Chancery Practice, 2d ed., Section 223, said:

"It is a cardinal principle in the administration of justice that no man can be condemned, or divested of his rights, until he has had an opportunity to be heard. He must, by service of process, by publication of notice, or in some equivalent way, be brought into court, and if judgment be rendered against him before that is done, the proceedings will be as utterly void as though the court had undertaken to act where the subject matter was not within its cognizance."

The proceeding in this case, as heretofore pointed out, was a direct attack upon the decree of May 15, 1951. In the absence of legal process, the decree was a nullity and could be wholly disregarded, and the lapse of time could not vest it with elements of validity. Therefore, the plea of the two-year statute of limitation and of laches and of res adjudicata presented by the appellants cannot be sustained. We are of the opinion that the chancellor was correct in setting aside the decree of May 15, 1951 as being void. This conclusion renders it unnecessary to consider the contention of the appellees that the decree of May 15, 1951 was beyond the purview of the petition for the admission of the will to probate in solemn form and for a construction of the will.

We are of the opinion, however, that the learned chancellor was in error in holding that Mrs. Morrison acquired a life estate under the will of Doc C. Morrison, with remainder to the appellees here. A careful reading of the will, it seems to us, makes it clear that the testator intended in any event for his wife to be devised one-half of his estate, and for the other half to be devised in the proportion of one-third thereof to Lena Bishop, one-third thereof to Mrs. B. A. Perry and daughter Gladys, and one-third thereof to J. B. Bishop, Jr. and Melba, his wife.

It is true that the will gives the widow the rents from the farm so long as she lives and does not get married and "does not sell to, rent to, give to, loan to, or allow Buford Salmon, his wife Lela, any of their children or grand-

children or any of their generation hereafter to come in possession of anything we own or possess."

It does not appear in the record that the restrictions imposed by the testator were violated. The inference from the record is that they were not. No attack is made on the validity of the restrictions. The will shows, however, from its language that whether there was or was not a violation of such restrictions, the testator wanted one-half of his estate to go to his wife, and the time for the division was fixed as the time when any such violation occurred (if it did occur), or the date of the death of Mrs. Morrison.

We think that the language of the will is not suspectible of the interpretation that Mrs. Morrison receive only a life estate in her husband's property. To indulge such interpretation would be to wholly disregard that part of the will wherein the testator undertakes to dispose of his estate either following a violation of the restrictions in the will or following the death of Mrs. Morrison.

It is our conclusion, therefore, that considering the will as an entirety, as we must do, and in view of the unambiguous language used by the testator, Mrs. Morrison acquired under the will an undivided one-half interest in the estate of her husband, and upon her death the other undivided one-half interest in said estate became vested in the other beneficiaries, namely, Lena Bishop, Mrs. B. A. Perry and daughter Gladys, J. B. Bishop, Jr., and Melba, his wife. Accordingly the decree of the court below is modified to accord with this conclusion, and as so modified it is affirmed.

Affirmed as modified.

*Roberds, P. J.,* and *Lee, Arrington and Ethridge, JJ.,* concur.