# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### February 12, 2025 Session

## ASHLEY DENSON EX REL. BOBBIE J. DENSON v. METHODIST MEDICAL CENTER OF OAK RIDGE ET AL.

**Appeal by Permission from the Court of Appeals
Circuit Court for Anderson County
No. C1LA0035      Ryan M. Spitzer, Judge**

_____

### No. E2023-00027-SC-R11-CV

_____

This case clarifies who may be "the claimant authorizing the notice" under the health care liability pre-suit notice statute, Tennessee Code Annotated section 29-26-121(a)(2)(B). Ashley Denson died after being admitted to the hospital. Her mother Bobbie Jo Denson took in Ashley's two minor children and obtained legal custody of them. Bobbie Jo sent pre-suit notice to defendant health care providers identifying herself as the "claimant authorizing the notice" under Tennessee Code Annotated section 29-26-121(a)(2)(B). She subsequently filed suit on her own behalf and on behalf of the minor children, ultimately pursuing the claim solely on behalf of the minor children. Defendants filed motions to dismiss, arguing Bobbie Jo did not comply with pre-suit notice requirements because she did not identify the children as the claimants. The trial court denied defendants' motions to dismiss but granted their motion for interlocutory appeal. The Court of Appeals reversed, finding Bobbie Jo did not comply with pre-suit notice requirements because the children were the claimants but not identified as such. We now reverse. Bobbie Jo Denson is "the claimant authorizing the notice" under Tennessee Code Annotated section 29-26-121(a)(2)(B), as minor children cannot authorize pre-suit notice and file suit on their own behalf. The judgment of the Court of Appeals is reversed, and the case is remanded to the circuit court.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Remanded to the Trial Court**

DWIGHT E. TARWATER, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and HOLLY KIRBY, SARAH K. CAMPBELL, and MARY L. WAGNER, JJ., joined.

Timothy R. Holton, Memphis, Tennessee, for the appellant, Bobbie Jo Denson.

Rachel Park Hurt and Bridget J. Pyman, Knoxville, Tennessee, for the appellees, Methodist Medical Center of Oak Ridge and Covenant Health.

Jimmie C. Miller and Sydney B. Gilbert, Kingsport, Tennessee, for the appellee, Daren W. Cox, D.O.

Bradley M. Dowd, Nashville, Tennessee, and R. Scott Durham and Andrew Tillman, Knoxville, Tennessee, for the appellee, Team Health, LLC.

Edward G. White, II and Joshua J. Bond, Knoxville, Tennessee, for the appellees, Larry Todd Justice, M.D. and Parkway Cardiology Associates, P.C.

W. Bryan Smith, Memphis, Tennessee, and Brian G. Brooks, Greenbrier, Arkansas, for the Amicus Curiae, Tennessee Trial Lawyers Association.

Lesley M. Floyd and Jeffrey E. Nicoson, Memphis, Tennessee, for the Amicus Curiae, Tennessee Defense Lawyers Association.

## OPINION

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Ashley Denson arrived at the hospital with chest pain radiating down her left arm in the early morning hours of February 3, 2020. She underwent diagnostic tests and was sent home. Once home, she suffered cardiac arrest and was brought back to the hospital. Her left anterior descending artery was completely blocked, resulting in a hypoxic brain injury; she never regained neurological function. Ashley[1] ultimately passed away on March 23, 2020.

Ashley Denson was unmarried at the time of her death and left behind two minor children. Her mother, Bobbie Jo Denson, took in the two children and obtained legal custody of them in December 2020. The juvenile court order granting custody stated that Bobbie Jo had "the authority to consent to any ordinary or necessary medical, surgical, hospital, educational, institutional, psychiatric, or psychological care pending further determination of the []children's custodial status." The fathers of both children received notice of the custody hearing, but neither attended. While counsel for one father was present, the custody order noted the father's "apparent unavailability to parent" and found both children dependent and neglected.

---

[1] Because there are two Ms. Densons involved, we will at times refer to them by first name alone for clarity. We intend only respect to these individuals.

In January 2021, Bobbie Jo Denson sent pre-suit notice to defendant health care providers pursuant to Tennessee Code Annotated section 29-26-121. The pre-suit notice provided the "name . . . of the claimant authorizing the notice and the relationship to the patient," as "Bobbie Denson, Mother of Ashley Denson." *See* Tenn. Code Ann. § 29-26-121(a)(2)(B) (2012 & Supp. 2020). The pre-suit notice did not mention Ashley's two minor children.

On April 26, 2021, Bobbie Jo filed this wrongful death suit against defendants "individually, and on behalf of Plaintiff, decedent's surviving minor children . . . as Grandmother and Legal Guardian."[2]

Defendants filed motions to dismiss under Tennessee Rule of Civil Procedure 12.02(6), arguing that the pre-suit notice was deficient because it did not identify the minor children as the claimants. Defendants also argued that Bobbie Jo did not have standing to bring the action either on her own behalf or in a representational capacity.

The trial court initially granted defendants' motions to dismiss but later reversed course and vacated the order of dismissal. The court found that plaintiff substantially complied with pre-suit notice content requirements, and defendants suffered little to no prejudice due to the minor children not being disclosed in pre-suit notice. The court also found that while the minor children held the right to the claim, Bobbie Jo Denson was claimant on their behalf because she filed suit on their behalf.

Defendants sought permission for interlocutory appeal, which both the trial court and the Court of Appeals granted. The trial court certified two questions for appeal: (1) whether Bobbie Jo Denson substantially complied with the pre-suit notice requirement regarding identification of the "claimant" under Tennessee Code Annotated section 29-26-121(a)(2)(B) when she did not indicate in the pre-suit notice that she was acting on behalf of the decedent's surviving minor children, and (2) whether Bobbie Jo had standing to give pre-suit notice[3] and file the complaint.

The Court of Appeals upheld the trial court's finding that Bobbie Jo had standing to bring suit on her grandchildren's behalf. *Denson ex rel. Denson v. Methodist Med. Ctr. of Oak Ridge*, No. E2023-00027-COA-R9-CV, 2023 WL 6626763, at *6 (Tenn. Ct. App. Oct.

---

[2] Bobbie Jo later acknowledged that she is not the legal guardian of the minor children, but the legal custodian. She also ultimately pursued the claim solely on behalf of the minor children.

[3] We note that "standing" is inapplicable to pre-suit notice because standing determines who is a proper party to *bring suit*. *See City of Memphis v. Hargett*, 414 S.W.3d 88, 97 (Tenn. 2013). Who may give pre-suit notice is governed by the pre-suit notice statute, Tennessee Code Annotated section 29-26-121.

12, 2023), *perm. app. granted*, (Tenn. Mar. 7, 2024). But the majority reversed on pre-suit notice sufficiency, finding pre-suit notice deficient due to failure to identify the grandchildren as claimants, and prejudice to the defendants as a result. *Id.* at \*4–5. The dissent found that plaintiff substantially complied with pre-suit notice requirements and defendants were not prejudiced. *Id.* at \*7 (McClarty, J., dissenting).

Bobbie Jo Denson filed an application for permission to appeal to this Court, and we granted review.

## II.   STANDARD OF REVIEW

This case comes before us on appeal from a Rule 12.02(6) motion to dismiss, which we review de novo with no presumption of correctness given to the lower courts. *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012); *see also* Tenn. R. Civ. P. 12.02(6). This case also presents an issue of statutory interpretation. Issues of statutory interpretation are reviewed de novo with no presumption of correctness. *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 330–31 (Tenn. 2020).

## III.   ANALYSIS

The question before us is whether Bobbie Jo Denson complied with the health care liability pre-suit notice statute, Tennessee Code Annotated section 29-26-121, when she identified herself but not the minor children as "the claimant authorizing the notice."[4] *See* Tenn. Code Ann. § 29-26-121(a)(2)(B).

Tennessee's health care liability pre-suit notice statute requires plaintiffs to send pre-suit notice to potential defendants at least sixty days before filing a health care liability suit. *See* Tenn. Code Ann. § 29-26-121(a)(1). Tennessee Code Annotated section 29-26-121 states:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim

---

[4] Defendants argued in the Court of Appeals that Bobbie Jo did not have standing to bring suit on behalf of the minor children but did not raise the standing issue either in their response to plaintiff's Rule 11 application or in their principal brief in this Court. Amicus raised the standing issue in its brief in this Court, arguing Bobbie Jo did not have standing to bring suit because the children's respective fathers should have sent pre-suit notice and brought suit. Defendants subsequently joined amicus' brief. Because defendants did not raise the standing issue in their principal brief, the issue is waived. *See* Tenn. R. App. P. 27(b); *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012). Moreover, we disagree with defendants that the purported standing issue presented here is one of subject matter jurisdiction that cannot be waived. *See City of Memphis*, 414 S.W.3d at 98 & n.8. Regardless, Bobbie Jo is a proper party to bring suit on behalf of her grandchildren. *See* Tenn. R. Civ. P. 17.03.

to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;

(B) *The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient*;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a) (emphasis added). While plaintiffs must strictly comply with subsection (a)(1), the content requirements of subsection (a)(2) may be satisfied by substantial compliance. *Martin*, 600 S.W.3d at 331.[5]

The parties have opposing views as to what the word "claimant" means under subsection (a)(2)(B). Defendants argue the word "claimant" means the individual who holds the claim. They argue Ashley's children are the "proper claimants" because the right of action passed to them under the wrongful death succession statute. *See* Tenn. Code Ann. § 20-5-106(a) (2009 & Supp. 2020) (stating wrongful death right of action passes first to surviving spouse, and if no surviving spouse, to children). Because Bobbie Jo did not identify in the pre-suit notice that she was bringing suit on behalf of her grandchildren, "the only proper claimants," she neither strictly nor substantially complied with pre-suit notice requirements and pre-suit notice was deficient. Defendants further argue they were prejudiced due to plaintiff's noncompliance.

Plaintiff Bobbie Jo argues the word "claimant" under subsection (a)(2)(B) means "someone who could make a claim in some capacity" for a patient's injuries. She argues that she is a "claimant" because she is the children's representative and brought the claim on their behalf. The children could not bring suit or give notice on their own behalf because they are minors; someone else had to give notice for them. Plaintiff also argues she is a claimant because she is a potential beneficiary, and the right of action would have passed to her after the children. *See* Tenn. Code Ann. § 20-5-106(a).

Neither party argues that the language at issue is ambiguous. Nor do we find it so, although only one interpretation of "claimant" may be correct. *Cf. State v. Frazier*, 558

---

[5] Tennessee Code Annotated section 29-26-121 first mandated pre-suit notice with its enactment in 2008, but did not include subsection (a)(2)'s specific pre-suit notice content requirements until 2009. *Compare* Tenn. Code Ann. § 29-26-121 (Supp. 2008), *with* Tenn. Code Ann. § 29-26-121 (Supp. 2009).

S.W.3d 145, 152 (Tenn. 2018) (noting that ambiguity does not "exist[] merely because the parties proffer different interpretations of a statute" (quoting *Powers v. State*, 343 S.W.3d 36, 50 n.20 (Tenn. 2011))).

When interpreting statutory text, we seek to discern its original public meaning— "how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued." *State v. Deberry*, 651 S.W.3d 918, 924 (Tenn. 2022) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012)). To do so, we consider the text "in light of well-established canons of construction." *McNabb v. Harrison*, 710 S.W.3d 653, 658 (Tenn. 2025) (cleaned up) (quoting *Deberry*, 651 S.W.3d at 924). When statutory language is unambiguous, we give words their plain and ordinary meaning in the context in which they appear in the statute, without a forced interpretation. *Bidwell ex rel. Bidwell v. Strait*, 618 S.W.3d 309, 321 (Tenn. 2021) (quoting *Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 86 (Tenn. 2018)); *see also Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 553 (Tenn. 2013); *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 43 (Tenn. 2013) ("When the language of a statute is clear and unambiguous, courts will not look beyond the plain language of the statute to determine its meaning."). Moreover, "[i]n the absence of statutory definitions, we look to authoritative dictionaries published around the time of a statute's enactment." *Deberry*, 651 S.W.3d at 925 (citing *State v. Edmondson*, 231 S.W.3d 925, 928 & n.3 (Tenn. 2007)).

We look first to the definition of "claimant." Black's Law Dictionary defines claimant as "[o]ne who asserts a right or demand, esp. formally." *Claimant*, *Black's Law Dictionary* (9th ed. 2009). Similarly, Merriam-Webster's defines claimant as "one that asserts a right or title." *Claimant*, *Merriam-Webster's Collegiate Dictionary* 227 (11th ed. 2003). Thus, a "claimant" is one who asserts a right.

That is not all. The pre-suit notice statute requires identification of the claimant "authorizing the notice." Tenn. Code Ann. § 29-26-121(a)(2)(B). To "authorize" is "[t]o formally approve; to sanction." *Authorize*, *Black's Law Dictionary* (9th ed. 2009). Thus, "the claimant authorizing the notice" under Tennessee Code Annotated section 29-26-121(a)(2)(B) is the person who asserts the right and formally approves giving pre-suit notice.

Since Ashley was unmarried at the time of her death, the wrongful death claim passed to her children. *See* Tenn. Code Ann. § 20-5-106(a); *Beard v. Branson*, 528 S.W.3d 487, 499–500 (Tenn. 2017). Yet minor children are unable to assert a wrongful death claim and authorize pre-suit notice on their own behalf. "Minors cannot act for themselves in contracting with counsel and otherwise making provisions to institute the wrongful death action. They must depend on someone to act for them." *Busby v. Massey*, 686 S.W.2d 60, 63 (Tenn. 1984). "In the law they are helpless . . . ." *Childress v. Madison Cnty.*, 777

S.W.2d 1, 7 (Tenn. Ct. App. 1989) (quoting *Khoury v. Saik*, 33 So. 2d 616, 618 (Miss. 1948)).

Because Ashley's minor children could not assert the claim and authorize pre-suit notice on their own behalf, someone else had to do so for them. This is where grandmother comes in. Bobbie Jo took in the children after their mother's death and obtained legal custody of them. She became responsible for the children's well-being. As custodian, Bobbie Jo stood "in loco parentis" to the children, Tenn. Code Ann. § 37-1-102(8) (2014 & Supp. 2020), and had "the right to determine the nature of the care and treatment of the child[ren]" as well as "the right and duty to provide for the care, protection, training and education, and the physical, mental, and moral welfare of the child[ren]," Tenn. Code Ann. § 37-1-140(a) (2014). The custody order likewise granted her specific authority with respect to medical and educational decisions.

She subsequently sent pre-suit notice and filed suit on the children's behalf. Tennessee Rule of Civil Procedure 17.03 governs who may file suit on behalf of minors:

> Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, or if justice requires, he or she may sue by next friend.

Tenn. R. Civ. P. 17.03. "[O]ther like fiduciary" may include a legal custodian such as Bobbie Jo. *See Denson*, 2023 WL 6626763, at *7; *see also In re Lackey*, No. 01-A-01-9010PB00358, 1991 WL 45394, at *1 (Tenn. Ct. App. Apr. 5, 1991) (Koch, J.) ("In circumstances where a minor lacks the capacity to bring suit on its own, Tenn. R. Civ. P. 17.03 empowers the minor's parents, custodian, or legal guardian to sue or defend on the minor's behalf."); *In re Leyna A.*, No. M2016-02548-COA-R3-JV, 2017 WL 4083644, at *3 (Tenn. Ct. App. Sept. 15, 2017) ("When the minor lacks the capacity to bring suit on his or her own, the minor's parents, custodian, or legal guardian may do so on the minor's behalf."). We agree with the Court of Appeals that Bobbie Jo's rights and duties as custodian were "broad enough to encompass the filing of a legal claim on behalf of the minor children." *Denson*, 2023 WL 6626763, at *6. Thus, Bobbie Jo had authority to give pre-suit notice and assert the wrongful death claim on behalf of the minor children.[6]

We find that Bobbie Jo Denson was "the claimant authorizing the notice" under Tennessee Code Annotated section 29-26-121(a)(2)(B). While the minor children are the

---

[6] One may only speculate as to who could have authorized notice were it not for the children's legal custodian. Their fathers abdicated responsibility, and the juvenile court found them dependent and neglected.

claim's beneficiaries and real parties in interest, they are not the claimant authorizing notice. Bobbie Jo was the one who formally approved giving pre-suit notice and who asserted the claim on behalf of the minor children. Thus, the claimant authorizing notice under Tennessee Code Annotated section 29-26-121(a)(2)(B) is the one who authorizes giving pre-suit notice whether on his or her own behalf or on behalf of another.

Bobbie Jo Denson achieved actual compliance with Tennessee Code Annotated section 29-26-121 when she identified herself and not the minor children as the claimant authorizing notice. *See* Tenn. Code Ann. § 29-26-121(a)(2)(B). Because she complied with pre-suit notice requirements, we need not analyze prejudice to the defendants under a substantial compliance framework. *Cf. Stevens*, 418 S.W.3d at 556.

One matter deserves further analysis. Defendants argue that Bobbie Jo should have identified at least one of the minor children in the pre-suit notice, as they were the only ones who held the right to the claim. No doubt identification of beneficiaries may be helpful for defendants, and plaintiffs may choose to include such information voluntarily to facilitate expeditious conclusion of suits. But the plain language of the statute does not require such information. The statute only requires that pre-suit notice include "[t]he name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient." Tenn. Code Ann. § 29-26-121(a)(2)(B).

We note that Bobbie Jo could have described her "relationship to the patient" as legal custodian of Ashley Denson's minor children, instead of "Mother of Ashley Denson." Yet we cannot find that Bobbie Jo's literal reading of (a)(2)(B)'s requirements invalidates pre-suit notice in the absence of more descriptive statutory language. She complied with the exact words of the statute. And "it is not our prerogative to rewrite the statutes." *Myers*, 382 S.W.3d at 310. The bottom line is this: Bobbie Jo Denson gave actual notice to defendants pursuant to the statute. And defendants received the actual notice required under the statute.

Because we find that Bobbie Jo Denson was the claimant authorizing notice under Tennessee Code Annotated section 29-26-121(a)(2)(B), we need not analyze her argument that she is also a claimant because she is a potential beneficiary of the claim.

**CONCLUSION**

Bobbie Jo Denson complied with Tennessee Code Annotated section 29-26-121's pre-suit notice requirements when she listed herself as "the claimant authorizing the notice." The minor children could not authorize pre-suit notice and file suit on their own. They were dependent on their grandmother and legal custodian to act for them. For these reasons, we reverse the judgment of the Court of Appeals and remand to the circuit court.

_____
DWIGHT E. TARWATER, JUSTICE